# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1886.

---

### FRED. CRUM v. THE STATE.

CRIMINAL LAW. *Death caused mediately by wound, immediately by mismanagement. Instruction. Case in judgment.*

On the trial of C. for murder the court instructed the jury, at the instance of the State, as follows: "If death ensues from a wound given in malice, but not in its nature mortal, but which, being neglected or mismanaged, the party dies, this will not excuse the party who gave it, but he will be held guilty of murder unless it clearly and certainly appears, either by the evidence offered on behalf of the State or the defendant, that the deceased's own neglect and want of care, and not the wound itself, was the sole cause of his death; for, if the wound had not been given the party had not died." *Held*, that the instruction is correct. And in so far as it conflicts with *McBeth* v. *The State*, 50 Miss. 81, that case is overruled.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The appellant, Fred. Crum, was indicted for murder, upon a charge of having killed Jesse Ford. He was convicted of manslaughter, and, from the judgment against him, appealed to this court. A supplemental statement of the case will be found in the opinion of the court.

*D. S. Fearing* and *Wells & Williamson*, for the appellant.

The first and third instructions given for the State do not properly announce the law.

64 MISS.—1.                                                                                      (1)

The third instruction is clearly wrong, and beyond a doubt misled the jury in this case. It never devolves on the defendant to prove anything in his case *clearly and certainly*, but the burden is always on the State to show that defendant committed the crime, beyond a *reasonable doubt*. The third instruction announces to the jury that it must be shown by the defendant's evidence, or the State's in connection with the defendant's, that the neglect or mistreatment of the wound was the *sole* cause of the death. This is not correct. It deprives defendant of the reasonable doubt that might arise in the mind of the jury as to whether deceased died of the wound or by reason of the mistreatment or neglect. It does not properly submit the question to the jury. See *McBeth* v. *State*, 50 Miss. 81–85; Bishop Cr. Law, vol. 2, § 639.

*T. M. Miller*, Attorney General, for the State.

The third instruction may seem questionable, yet it is fully sustained by reason and authority.

When one inflicts a dangerous wound from which death results, although superinduced by the misconduct of the wounded person, he cannot on the latter account escape the consequences of his act. There is no disagreement of authority upon this point. Of course, if a wounded person die from a separate and distinct cause the *death* cannot be charged to the party delivering the wound; but the dangerous wound being proved beyond a reasonable doubt, and the death being traced to it also beyond a reasonable doubt, that is all the law requires.

On principle it will not do to say the party *might* have recovered had he been properly treated, or had he conducted himself as a wounded man of good discretion should. To admit that doctrine would involve an inquiry in all cases, where death was not an immediate consequence, into the propriety or *rationale* of the treatment pursued or the conduct of the injured man. From the very nature of the case, the death from a different cause being a collateral thing, the testimony ought to be clear; that is to say, it is necessary to show something more than that the person wounded might have recovered. And so the law is thus laid down by Lord Hale (an undoubted authority upon the common law) : " If a man gives

another a stroke which, it may be, is not in itself so mortal but that with good care he might be cured, yet if he dies of this wound within the year and day, it is homicide or murder, as the case is, and so it hath been always ruled.   But if the wound or hurt be not mortal, but by ill applications by the party or those about him of unwholesome salves or medicines, the party dies, if it can clearly appear that this medicine and not the wound was the cause of his death, it seems it is not homicide; but then that must appear clearly and certainly to be so.   But if a man receives a wound which is not in itself mortal, but either for want of helpful applications or neglect thereof it turns to a gangrene or fever, and that gangrene or fever be the immediate cause of his death, yet this is murder or manslaughter in him that gave the stroke or wound, for that wound, though it were not the immediate cause of his death, yet if it were the mediate cause thereof, and the fever or gangrene was the immediate cause of his death, yet the wound was the cause of the gangrene or fever, and so consequently is *causa causati*." 1 Hale's Pl. of the Cr. 428 ; *McAllister* v. *The State*, 17 Ala. 434, citing the above; also, Rew's Case Kel. 26 ; Roscoe's Cr. Ev. 574 ; 1 Russell on Cr. 529 ; 1 Ash. 289 ; see *State* v. *Scott*, 12 La. Ann. 274 ; see also 3 Green. on Ev., § 139, and cases cited in note 2.

The charge condemned by the court in *McBeth* v. *State*, 50 Miss. 81, was different from that under consideration.   In that case the charge made it incumbent on the *defendant* to show clearly that the ill treatment to which the defendant was subjected was alone the cause of his death.

COOPER, C. J., delivered the opinion of the court.

It appears in evidence that the appellant on the fourth day of July, 1884, shot one Ford, inflicting upon him a very dangerous wound.   Ford was treated by a physician for some days and discharged with a warning from the physician that his condition required great prudence on his part.   Ford was imprudent, and on the 2d of September died from inflammation of the bladder, which, the attending physician states, was shown by a post-mortem examination to have been a result of the wound.

On the trial, the court, at the instance of the State's attorney, gave two charges (the first and third), to which exception was taken by the accused. It is only necessary to state the third instruction, since that announced the law more strongly against the defendant than the first. It is as follows : " If death ensues from a wound given in malice, but not in its nature mortal, but which, being neglected or mismanaged, the party dies, this will not excuse the party who gave it, but he will be held guilty of murder, unless it clearly and certainly appears, either by the evidence offered on the behalf of the State or the defendant, that the deceased's own neglect and want of care, and not the wound itself, was the sole cause of his death ; for if the wound had not been given the party had not died."

In *McBeth* v. *The State*, 50 Miss. 81, an instruction practically the same as the one here given, in the view in which it was considered by the court, was declared to be erroneous.

In that case the facts as given by the court were, that a dangerous but not necessarily fatal wound in the abdomen had been inflicted, the cut penetrating so deep that the entrails protruded. One Patrick, not a physician, had administered chloroform, replaced the bowels, and sewed up the wound. The physician who subsequently attended the wounded man testified that Patrick's treatment was not good, saying that the wounded man died about sixty hours after the wound was inflicted, as he supposed, from inflammation of the bowels; that in his opinion death was caused by the wound, and that wounds in the abdomen were dangerous but not necessarily fatal.

On these facts the court said : " If there be misgovernment on the part of the medical attendant, from ignorance or inattention, this would form no exculpation if the wound was mortal. Arch. Cr. Prac. and Plead. 262. But if the wound were merely dangerous and the bad treatment the proximate and immediate cause of the death, the result would be different."

For the proposition that for a dangerous wound resulting in death from mismanagement, the party inflicting could not be held liable for murder, no authority is cited either by the court or by

counsel in that case. Nor has counsel in his brief in the case now before us cited one, nor has our own investigation discovered that there are any. On the contrary, the decisions seem to be uniform and numerous in support of the instruction given by the court below, which is almost a literal copy of the law as given by Greenleaf on Evidence, vol. 3, § 139.

We have examined many of the cases cited by Greenleaf in support of the text, and others may be found in Roscoe's Cr. Ev. 717, 718, and 719. As we have said, they support the instruction given in this case, and so far as we are advised are in conflict with no other case than that of *McBeth* v. *The State.* The principle of these cases is that one who maliciously inflicts a serious injury upon another, from which injury, as the mediate but not immediate cause, he dies, is responsible for the death. It is a salutary rule, necessary for the protection of society by the punishment of offenders, and ought not to be departed from. *McBeth* v. *The State* is overruled in so far as it announces a different rule, and the judgment of the lower court is affirmed.