STATE *v.* FRANCES JOHNSON.

(NOVEMBER 27, 1934.)

LAYTON, C. J., RICHARDS and RODNEY, J. J., sitting.

*P. Warren Green,* Attorney-General, and *Robert H. Richards, Jr.,* Deputy Attorney-General, for the State.

*George W. Lilly* for defendant.

Court of Oyer and Terminer for New Castle County, Indictment for manslaughter, No. 71, November Term, 1934.

LAYTON, C. J., charged the jury, in part, as follows:

It is necessary for the State to prove to your satisfaction beyond a reasonable doubt every material element of the crime of manslaughter. These elements are (1) that the defendant feloniously cut or stabbed the deceased and thereby produced in him a dangerous wound, that is, one calculated to endanger or destroy life, (2) that the deceased, within a year and a day died of the wound, (3) that the offense was committed in New Castle County within two years from the finding of the indictment.

It is a well established rule of the common law that where a person, wilfully and without justifiable cause, inflicts upon another a wound, although not in its nature mortal, yet such as is likely to endanger or destroy life, and death, in fact, ensues therefrom, it is sufficient proof of the crime of murder or manslaughter, as the case may be, and it is no excuse to say that had the deceased taken proper care of himself, he might have recovered. The foundation of this principle is that every one is held bound to contemplate and to be responsible for the natural consequences of his own voluntary act; and if, therefore, a person feloniously and wickedly wounds another in such manner as to jeopardize life, and death ensues as a result thereof, it does not alter the nature of the felonious act, nor diminish its criminality to prove that other causes contributed to the fatal result, as by the deceased's continued indulgence in intoxicating liquor, irregular living, maltreatment of the wound, or other failure to take proper care of himself; but

the accused, in such circumstances, will be held guilty unless he shall be able to make it clearly appear that the maltreatment of the wound, or the misconduct of the wounded man, and not the wound itself, was the sole cause of death. Where such a defense is offered and relied upon, the burden is upon the accused to establish satisfactorily that such misconduct of the deceased or maltreatment of the wound was the sole cause of death. A different rule would tend to give immunity to criminal acts, and would take away an essential safeguard to human life.

If, therefore, you shall find from the evidence, beyond a reasonable doubt, that the accused did feloniously inflict upon the deceased the wound and that the wound caused his death your verdict should be guilty of manslaughter.

If you shall find, beyond a reasonable doubt, that the accused feloniously inflicted upon the deceased the wound, and that it was one calculated to endanger or destroy life, although not in its nature mortal, and that death followed as a result thereof, your verdict should be guilty of manslaughter, even though it may appear that misconduct of the deceased, or maltreatment of the wound, contributed in producing the death.

If you shall find from the evidence that the accused did not wound the deceased, or if you shall entertain a reasonable doubt thereupon, your verdict should be not guilty.

If you shall be satisfied, from the evidence, that the accused unlawfully did inflict upon the deceased the wound, but that it was not a dangerous one, that is, one calculated or likely to endanger human life, and that death resulted solely from an independent cause, such as, misconduct of the deceased, or maltreatment of the wound under the provisions of a statute to which your attention will be called, your verdict should be not guilty of manslaughter, but guilty of assault only, if the evidence shall so warrant.

If you shall be satisfied that the accused unlawfully did inflict upon the deceased the wound, but shall entertain a reasonable doubt whether the wound was one calculated to endanger life and whether the death of the deceased resulted therefrom, or from misconduct of the deceased, or maltreatment of the wound, your verdict should be not guilty of manslaughter, but guilty of assault only if the evidence shall so warrant. *State v. Morahan, 7 Penn.* (23 *Del.*) 494, 77 *A.* 488; 1 *Wharton Cr. Law,* § 201; 13 *R. C. L.* 752 30 *C. J.* 287; *Note* to *Noble v. State of Texas, 22 L. R. A.* (*N. S.*) 841; *Commonwealth v. Hackett, 2 Allen* (*Mass.*) 136.