## CONNER *v.* STATE.

(Division B.  Nov. 29, 1937.)

[177 So. 46.  No. 32761.]

**R. L. Smallwood, Jr.**, of Oxford, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for the state.

**Griffith, J.**, delivered the opinion of the court.

The testimony for the State shows that appellant struck the deceased when the latter was doing no overt act in or towards a combat, and that there was no conduct on the part of deceased sufficient to produce any appearance that the deceased intended any such act. Under these facts paragraphs (b) and (c), section 989, Code 1930, have no application, and appellant was not entitled to a peremptory charge.

It appears from the undisputed testimony that when deceased was struck he was not knocked down, but was dazed to the extent that he staggered as if about to fall and staggered against the witness, Tubb, who says that he pushed the deceased in the effort to straighten him up; that deceased still in a dazed and staggering condition, then took a few steps and fell against a projection on an iron post, and there received the injury from

which death shortly ensued. Appellant contends that the action of Tubb was an independent, voluntary, intervening cause which became the proximate cause; wherefore appellant could be convicted only of an assault and battery, and not of manslaughter.

The wrongful force which caused the dazed and staggering condition of the deceased was put into operation by appellant and continued in operation or progress, and had not lost its identity or continuity as such, until the final injury. It was not the push given by Tubb which caused the deceased to fall against the iron post, but his continued dazed and staggering condition, for which appellant was the sole responsible party. Without the original wrong by appellant, what was done by Tubb would not have been sufficient to cause the deceased to fall, and there is no evidence sufficient to have authorized the jury to find otherwise. An intervening cause must be an efficient cause—something more than what is merely contributory.

Affirmed.