HOUSTON *v.* STATE.

Feb. 22, 1954

No. 39010          54 Adv. S. 13          70 So. 2d 338

*Allen & Allen,* Indianola, for appellant.

168

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted for the murder of Harley Ware, age 16, tried before a jury, convicted of manslaughter, and sentenced to five years in the penitentiary. Deceased and witness Chambers went into the Tom Sawyer Cafe in Sunflower at about 10:00 P. M. on Saturday night. They were at a table drinking a soft drink when Ed Ware, a brother of deceased, entered the cafe. Louise Fultz, a sister of appellant, got into an argument with Ed Ware. Louise Fultz appeared to be the aggressor and a fight followed. Louise pushed Ed Ware over a bench or stand. Deceased went over to pull Louise Fultz off of Ed Ware. Appellant then entered into the fight and stabbed deceased with a "long crabapple switch knife." The knife penetrated the abdomen near the navel. The Ware brothers were unarmed and were not shown to have been drinking whiskey and deceased was not trying to harm either appellant or her sister, Louise. Immediately after the stabbing, deceased went first to the doctor's office and then to the hospital.

The deceased stayed in the hospital until he died seventeen days later of uremic poisoning.

■■■ Appellant contends that the lower court erred in submitting the issue of murder to the jury. Since the jury returned a verdict of manslaughter, the appellant cannot complain. This Court has repeatedly held that a defendant who has been convicted of manslaughter, may not complain at the giving of a murder instruction. Denham v. State, 67 So. 2d 445 (not yet officially reported), and cases cited therein.

■■■ Appellant next complains of the refusal of an instruction requested by appellant which required the State to prove beyond a reasonable doubt and to a moral certainty "that the deceased died of such wound unconnected with any independent cause." The instruction puts too great a burden on the State and its refusal was not error. ■■■ If the deceased died of the combined effect of a wound inflicted with malice and of a disease disconnected from the wound, the accused is guilty. An intervening cause must be the efficient cause of death, or at least more than a contributing cause, before the accused is not guilty for such reason. Quinn v. State, 106 Miss. 844, 64 So. 738; Conner v. State, 179 Miss. 795, 177 So. 46; Crum v. State, 64 Miss. 1.

Appellant also contends that the State failed to prove causal connection between the stab wound and the death of Harley Ware, and that he died of an independent intervening cause, uremic poisoning.

For a clear understanding of this question, we will set out the essential facts. Deceased was apparently suffering from no disease when the stab wound was inflicted. The long blade of the knife penetrated the abdomen near the navel. The fatty tissues connected to the intestines protruded from the wound. The deceased walked first to the doctor's office, and thence to the hospital and remained in the hospital until his death about seventeen days after the stabbing. The

testimony indicates that several doctors saw the deceased while under treatment in the hospital. Only one of these physicians testified. He stated that two days after the deceased was admitted to the hospital, tests showed signs of Bright's disease; that two exploratory operations were performed by opening the abdomen and making examinations of the internal organs; that no internal organs were punctured; that about two days before death, tests showed Bright's disease with blood in the urine; that the immediate cause of death was uremic poisoning, and uremic poisoning is terminal nephritis or Bright's disease. The physician, a state's witness, when called upon for an opinion as to whether deceased would be living if he had not sustained the stab wound, answered, "I feel he would probably be living now." On cross-examination the physician testified that if the kidney condition had not developed he did not think deceased could possibly have died of the stab and that death from a stab wound directly would occur within a week from hemorrhage or peritonitis. He further testified that he could not prove by any medical theory that the stab wound caused or contributed to death, but based his feelings about the stab wound contributing to the death of deceased on the fact that before the stabbing, Harley Ware was not complaining of any disease and that it was natural for him to feel that if he had not been stabbed with the knife he would probably still be alive.

The inquiry is whether these facts constituted a sufficient basis for the jury to find beyond a reasonable doubt that the stab wound contributed to the death of Harley Ware.

Appellant cites the case of Quinn v. State, 106 Miss. 844, 64 So. 738. In that case the appellant was convicted of manslaughter. The deceased was struck on the head with an empty whiskey bottle and his skull fractured. The wound was not in its nature mortal according to the testimony of attending physicians; but.

sometime thereafter the injured party contracted pneumonia and died about two months after the infliction of the wound by the appellant. The physician testified that he died from the combined effect of the wound and pneumonia and that he would have recovered from the effect of either had it not been for the other. That case was reversed and remanded, because of an instruction that had the effect of requiring the defendant to prove that the disease disconnected from the wound, and not the wound itself, was the sole cause of his death. The case is not authority for the position of the appellant here.

Appellant also relies on the case of Bourn v. State (Miss.), 5 So. 626. In the Bourn case, supra, the appellant was convicted of manslaughter. The only facts set forth in the opinion as to the extent of the injuries inflicted by the appellant on his child was that the child was cruelly punished. The testimony of the physician who attended the child was to the effect that he could not swear that death was caused by the punishment inflicted by appellant. The nature of injuries received by the child are not shown and the case is of no help in determining the question in the case at bar.

The jury were men of experience and understanding and as such could evaluate the natural and probable consequences of the stab wound inflicted on Harley Ware by the appellant. The stab wound in the abdomen is in its nature dangerous. It was inflicted with a deadly weapon. Two abdominal operations were necessary to determine whether any internal organs were punctured. The deceased never left the hospital until he died. Even though the immediate cause of death was uremic poisoning, the jury was fully justified in believing beyond a reasonable doubt that the stab wound was a substantial contributing cause of death.

Taking the testimony of the physician as a whole in the light of all the evidence, the jury was justified in

finding that it was the physician's opinion that the stab wound contributed to the death of Ware.

In the case of Watts v. State, 210 Miss. 236, 49 So. 2d 240, the deceased was shot by Watts and 48 days elapsed before death. There was no medical evidence offered in the case. The jury found without benefit of medical evidence that the gunshot caused the death of the deceased, and this Court affirmed the conviction. If we should concede that the testimony of the physician was more favorable to the appellant than to the State, the jury was nevertheless justified from the evidence in finding beyond a reasonable doubt that the stab wound contributed to the death of the deceased. See Buford v. State, No. 38,973, decided by this Court on January 25, 1954.

The other assignments of error have been given careful consideration and we find no reversible error.

Affirmed.

All justices concur.