DOOLEY *v.* STATE.

No. 41447 January 11, 1960 116 So. 2d 820

*J. W. Kellum,* Sumner, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

J. E. Dooley was indicted for the murder of Billy Joe Barnhart. The jury found him guilty of manslaughter; and from a judgment and sentence of seven years in the state penitentiary, he appealed.

The killing occurred about 2:00 A.M. on Sunday, June 29, 1958, at the Dairy Barn, a night spot in Leflore County. According to the evidence of J. H. Whatley, the deceased bought a forty or forty-five cent can of beer from Dooley, 69 years of age, the operator of the place, and gave a dollar in payment. Dooley said that he had no change, to which the deceased replied that it was all right and he would get the change later. About 30 or 40 minutes thereafter, the deceased asked for another can of beer, but Dooley told him he had sold out. The witness heard the deceased ask for his change. The next thing that the witness knew was the firing of a shot. He did not see Dooley pick up the shotgun, but when the shot fired, he turned and indicated the position in which he saw Dooley holding it. The witness testified that the deceased did not advance toward Dooley or do anything to him.

Lee Phillips testified that he saw the deceased about 5 seconds before he was shot; that the man was standing between the cigarette machine and the end of the counter, with his arm leaning on the. counter; that he was flipping a fifty cent piece; that Dooley was stand-

ing behind the counter; and that the deceased did nothing to Dooley, and did not start around the counter, and he did not see deceased put his hand in his pocket.

Dooley testified that the deceased wanted beer; that he told him that he had sold out, but that the deceased replied ''You have it and I am going to get it;'' that the deceased was ''pretty tight'' and had his right hand in his front pocket though he did not see anything in his hand; but that he shot because he was scared and did not want the man to come behind the counter toward him.

The parties were about 8 or 10 feet apart when the shot was fired. Death resulted from the discharge of the shotgun which left a two-inch hole on the right side of the neck in the jugular vein above the collarbone, and which came out through the chin.

The appellant's sole assignment is that the identity of the deceased was not established, and that the trial court erred in overruling his motion for a directed verdict because of insufficient proof as to the corpus delecti.

The record discloses that Sheriff Charles W. Lee, who made an investigation following the killing, did not know the dead man, but that he conferred with the office manager of the Houston Construction Company, presumably the employer of the deceased, who identified the man. It also appears that V. R. Deal, an embalmer, who picked up the body, checked and double checked with fellow employees and relatives of the deceased, who also established the identity of the dead man. In each instance, this information was hearsay, and was obtained from others after the death.

Just why the State failed and neglected to put on the stand, as a witness, the employer or a fellow employee or a relative of the deceased, for the rudimentary proof that his name was Billy Joe Barnhart, is not shown, and is truly inexplicable.

 █ It is true, beyond question, that the proof must show that the person killed is the same person as the

one charged in the indictment to have been killed. Mc-Daniels v. State, 203 Miss. 239, 33 So. 2d 785, and the cases there cited. See also 41 C. J. S., Homicide, Section 313, pages 23-4. This important point cannot be left to conjecture or speculation—it must be proved beyond reasonable doubt. Harris v. State, 155 Miss. 398, 124 So. 493; Pitts v. State, 43 Miss. 472.

But, circumstantial evidence is sufficient for this purpose, if it is clear and cogent and leaves no room for reasonable doubt. Articles found in connection with the remains may be sufficient. 41 C. J. S., Homicide, Section 327, page 377. See also State v. Barnes, 47 Or. 592, 85 Pac. 998, 7 L. R. A. (N. S.) 181, where identification of the deceased was effected by a consideration of personal property in and about the scene of the killing, and which cites cases where certain articles of the deceased were held to be sufficient evidence of identity. In McCue v. State, 170 S. W. 280, a Texas case, where the body was not clearly identified by any witness, certain letters and a time book in a grip near the body of the deceased were held admissible to prove the identity of the deceased. Compare also Gilmore v. State, 225 Miss. 173, 82 So. 2d 838.

In the case of Joyce v. State, Vol. 2 Tenn. Reps. by Swan 667, the indictment was for the murder of William Trammel. There was no proof that the christian name of the deceased was William. The witnesses referred to him as the "deceased" or "Trammel." The appellant's contention there was that the proof failed to show that the deceased bore the name of William or any other christian name. The opinion, in upholding the conviction, rejected this contention as "too technical," saying further that no effort was made to show "that he bore a name different from that stated in the charge," and that no doubt was raised "that any other man by the name of Trammel lived or died in that county."

In the case of Cathey v. State, 235 S. W. 2d 601 (1951), a Tennessee case, the appellant there was in-

dicted for, and convicted of, the second degree murder of Eugene Townsend. The deceased was a total stranger in the community and county where he was killed. He had never been seen there before, and no one purported to know him. He was carrying in his coat pocket at the time, a registration card, issued by a Texas board in the name of Eugene Townsend, and which was the name of the deceased as alleged in the indictment. The appellant in that case contended that the evidence failed to show that the deceased bore that name. But there was no suggestion that he bore any other name, or that his name was not Eugene Townsend. The opinion, in holding that the evidence was sufficient to establish the identity of the victim, said: ''While we have not been able to find any case in our reports deciding this point on similar facts, it does seem on principle that the undisputed evidence mentioned is sufficient to support the conclusion that the man killed was named Eugene Townsend. The registration card in his possession is clearly some material evidence to that effect and, therefore, proper for submission to the jury. There being no evidence to the contrary, and no insistence that he had any other name, this seems sufficient. We so hold.''

Mrs. W. M. Moore testified that she had seen the deceased prior to the night on which he was killed, and that he was introduced to her that night, and that she knew him as ''Barnhart.'' The sheriff testified that he found, in a billfold on the body of the deceased, identification papers consisting of his social security card, pay checks, and pay-check tabs, in the name of Billy Joe Barnhart. V. R. Deal corroborated the sheriff's statement that the above named identification papers were in the name of Billy Joe Barnhart, and also testified that the certificate of death was for Billy Joe Barnhart.

In view of the fact that one witness had seen the deceased prior to the night on which he was killed,

and that he was introduced to her on that occasion and she knew him as Barnhart, and that he also had on his person the stated identification papers showing that his name was not only Barnhart but also Billy Joe Barnhart, and in view of the further fact that there was no evidence to the effect that his name was not Barnhart or Billy Joe Barnhart, the Court is of the opinion that, under the authorities cited above, the evidence was sufficient to establish beyond reasonable doubt that the name of the deceased was Billy Joe Barnhart, as charged in the indictment.

From which it follows that the cause must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.