## DUKE *v.* STATE

No. 42146 April 2, 1962 139 So. 2d 370

*Howard A. McDonnell,* Biloxi, for appellant.

G. *Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

GILLESPIE, J.

David Richard Duke, appellant, was jointly indicted with Ethel Alyne Tipton for the murder of John Loncharte. Ethel Alyne Tipton entered a plea of guilty and testified against appellant, who was convicted and sentenced to serve a life term in the penitentiary.

The evidence was sufficient to sustain the conviction.

The Channel Inn is located at the north end of the Gulfport Harbor, and Ethel Alyne Tipton was the bar maid. She slept in a room connected to the bar and for some time prior to January 31, 1958, the appellant, David Richard Duke, shared this room with Ethel Alyne Tipton. On or about January 31, 1958, the deceased, whose name was not known to any of the witnesses, went aboard a shrimp vessel and drank whiskey with two men on the vessel. They left the shrimp vessel and went to the Channel Inn where they drank beer. The deceased was last seen in the Channel Inn about dark on said date. About mid-night, Ethel Alyne Tipton was in her room when appellant brought deceased to the

room. Deceased went to sleep, or passed out from drinking. Appellant was also lying on the bed apparently asleep and Ethel Alyne Tipton was sleeping in a chair. Sometime before daylight, appellant awoke Ethel Alyne Tipton and told her he was going to have to ". . . get this man out because something was wrong with him." Appellant and Ethel got the deceased up and carried him out of the Channel Inn, around the water front, to a barge tied up about 300 yards from the Channel Inn. Appellant then took wires and fastened a heavy bolt to the deceased, who was still alive, and pushed him overboard.

The next day appellant told Ethel Alyne Tipton that she was as deep in it as he was and not to call the police. Appellant told Ethel he had gotten some money from the deceased.

On February 2, 1958, the United States Immigration Authorities arrested appellant as an alien illegally in this country and deported him to Canada.

On February 17, 1958, a tug was moving a barge and the turbulence caused by the propellers revealed the body of deceased, and the police were called and the body taken from the water to the undertaker, where an autopsy was performed. The cause of death was drowning.

The only question justifying any discussion is whether the State established the identity of the deceased.

▮▮ ▮ The indictment charged the defendants with the murder of John Loncharte. It was necessary for the State to prove that the person killed was the same person as the one charged in the indictment to have been killed. Dooley v. State, 238 Miss. 16, 116 So. 2d 820.

The proof is clear that the person appellant killed by pushing his weighted body into the water was the same person whose body was later recovered from the water. Therefore, the person killed and the body re-

moved from the water were the same. The deceased had been seen around the Channel Inn by a number of persons, but no one had ever known him by name. He was a transient. The proof indicates clearly that he came from Michigan. After the body was removed from the water the features were not identifiable because of decomposition, but the body was removed from the place where appellant drowned him, and his clothing was identified as the same worn by deceased on the night of the homicide.

No one testified that the deceased was John Loncharte, and none of the witnesses knew the deceased during life as John Loncharte, or by any other name. There was no pocketbook on the body. Appellant had apparently robbed him of his pocket book, if he had one. The physician who performed the autopsy removed two of the fingers of deceased and these were sent to the Federal Bureau of Investigation at Washington. Based on the report the sheriff received from the F. B. I., the sheriff contacted Peter Loncharte in Michigan, said to be a brother of deceased. The undertaker shipped the body to the brother in Michigan, who claimed the body and paid the undertaker. A picture duly identified as the deceased was received from Michigan and this was used in identifying the deceased. After all this investigating, the deceased was identified as John Loncharte and the indictment so described him. No direct evidence appears in the record as to the said name, but it seems sufficiently clear by inference and hearsay. There is no proof that the deceased was not John Loncharte.

██ ██ We hold that the deceased was sufficiently identified. Cf. Dooley v. State, supra.

Affirmed.

*McGehee, C. J.,* and *Ethridge, McElroy* and *Jones, JJ.,* concur.

## ON SUGGESTION OF ERROR

McElroy, J.

The only point argued on Suggestion of Error is the matter of identification of deceased. Appellant insists that identification of deceased cannot be proven by hearsay.

 █ It will be noted from the opinion in this case that identity of the person killed was by direct testimony. It was the "name" of deceased that was shown only by inference and hearsay. The record contains direct proof beyond any reasonable doubt that the victim was designated as "John Loncharte", and the indictment so described the deceased. So, it may be seen that it was shown by direct evidence that the deceased was one and the same person as charged in the indictment to have been killed. That is all the law requires.

Identity and the name of deceased is not the same thing. The name is merely descriptive of the person.

There is no doubt whatever that the man appellant was charged with killing was the same individual appellant murdered by pushing his bound and weighted body into the water; and this was proven by direct evidence. If it were necessary that this deceased person be described by name, he was called John Loncharte, as above-stated, after investigation. Therefore, it is the name, the proof of which rests on influence and hearsay, rather than actual identity of the person killed.

Suggestion of error overruled.

*McGehee, C. J.,* and *Ethridge, Gillespie* and *Jones, JJ.,* concur.