INZER, Justice:
Appellant Mary Ella Hubbard was indicted in the Circuit Court of Rankin County for the crime of murder in the killing of Johnny Lee Wilson. She was tried and convicted of manslaughter, and sentenced to serve a term of eighteen years in the State Penitentiary. From this conviction and sentence she appeals. We affirm.
The deceased Johnny Lee Wilson died on October 14, 1972, from the loss of blood due to stab wounds inflicted by the appellant. Dr. J. D. Hutchins testified that he examined Johnny Lee Wilson at the Simpson County hospital and found that he was dead. He found a stab wound on the left side of the neck above the collarbone. He also found a stab wound on the right side of the chest, two slash wounds on the' left lower chest and a small lacerated wound on the right leg just above the ankle. It was the opinion of Dr. Hutchins that Johnny Lee Wilson died from the loss of blood due to the stab wound in his neck.
On the following day, appellant, after being warned of her Miranda rights, made a voluntary statement to the officers, relative to the killing. She told them that she and Johnny Lee had been fussing since the evening before and after they got up on Saturday morning and had eaten breakfast, Johnny came into the kitchen where she was washing dishes. They were still arguing, and Johnny struck her with his hand. She reached and got a butcher knife and *717 started after him. Johnny picked up a chair and started swinging it, but he dropped the chair and ran to the door. The door was locked, and before he could get the door open, she caught up with him and stabbed him one time. Johnny then got the door open and walked out on the porch and fell from it into the yard.
During the course of the trial appellant testified that she and Johnny started living together in 1966 in this state. They went to Chicago where they lived for four years and then returned to Mississippi. Her version of what happened on the date that Johnny was killed was substantially the same as that she told the officers, except she said Johnny struck her twice and knocked her down. She also said that the reason she followed Johnny and stabbed him was that she thought he was trying to get out of the door to get his pistol which he ordinarily kept in her car which was parked outside in the yard. On cross examination she admitted that she did not tell the officers that she was afraid that Johnny was going to get his pistol. She also admitted that at the time she inflicted the fatal wound, Johnny was trying to get the door open. In addition, appellant sought to show that her fear was reasonable and justified by introducing evidence of four specific, although isolated, incidents of violent nature, occurring between her and Johnny over the past five years. During the most recent incident, occurring July 20, 1972, Johnny had shot her in the leg. The trial court refused her offer of. the details of the specific acts to show the turbulent character of the deceased, but stated that evidence of the general reputation of the deceased for peace and violence in the community would be allowed.
The only assignment of error on appeal is that the trial court was in error in excluding the testimony concerning prior altercations between appellant and the deceased, Johnny Wilson.
As a general rule, evidence pertaining to the reputation and character of the deceased, or evidence of prior difficulties between the deceased and accused is not admissible as part of the issue in a murder case. Shinall v. State, 199 So.2d 251 (Miss.1967); Foster v. State, 70 Miss. 755, 12 So. 822 (1893). However, there are certain exceptions to this general rule and appellant contends that this case comes within the exceptions announced in Rucker v. State, 248 Miss. 65, 158 So.2d 39 (1963); Lee v. State, 160 Miss. 618, 134 So. 185 (1931); and McCormick v. State, 159 Miss. 610, 132 So. 757 (1931). However, an examination of these cases reveal that their facts make them clearly distinguishable from the case before us. In this case we do not have a case where the’ facts show one connective and continuous line of the hostile conduct of the deceased toward the appellant. Neither does the evidence show an overt act on the part of the deceased at the time appellant killed him. Furthermore, there is no dispute as to how this difficulty arose. Johnny Lee and appellant were arguing. Johnny Lee struck appellant with his hand, at this stage he was the aggressor, but according to appellant’s own testimony, when she armed herself with a butcher knife and started slashing at him, he hastily withdrew from the combat and tried to escape. Appellant then became the aggressor and followed him. Unfortunately for Johnny Lee, the door was locked and before he could get it opened, appellant inflicted the fatal stab wound. Appellant does not contend at the time that the fatal blow was struck Johnny Lee was armed or that he was attempting to do anything to her. He made no threats that he was going to get his gun or that he intended to do anything other than escape from the assault of a furious woman armed with a butcher knife. Under these circumstances, we are of the opinion that the trial court correctly ruled that the details relative to previous difficulties between appellant and the deceased were not admissible in evidence.
After a careful examination of the record in this case we are convinced that the appellant received a fair trial, and that *718 the jury was amply justified in finding her guilty of manslaughter. Therefore, this case must be and is affirmed.
Affirmed.
RODGERS, P. J., and ROBERTSON, WALKER and BROOM, JJ., concur.