506 So.2d 989 (1987)
Ricky Dale MESHELL
v.
STATE of Mississippi.
No. 56,726.
Supreme Court of Mississippi.
April 22, 1987.
*990 Jimmy D. McGuire, Kelly C. Walker, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Ricky Dale Meshell was indicted and tried for capital murder as an habitual offender and the jury returned a verdict finding him guilty of manslaughter. Meshell was sentenced by the Circuit Court of Harrison County to twenty (20) years without parole in the custody of the Mississippi Department of Corrections, and he appeals to this Court, assigning two (2) errors in the trial below.

I. THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Under this assigned error, appellant contends the verdict of the jury was against the overwhelming weight of the evidence because (1) the State never proved that the person killed was the same person as the one named in the indictment; (2) the state failed to prove beyond reasonable doubt that the appellant was attempting to rob the victim; and (3) the court erred in failing to direct a verdict of not guilty, since appellant's testimony indicated an apparent physical threat to his safety from the actions of the victim.
At approximately 11 p.m. on September 21, 1983, appellant and five (5) friends were going to a party in North Biloxi, Mississippi, and were riding in an automobile owned and driven by appellant. At some point in time, en route the party, appellant stopped the automobile and emerged from it. An elderly Vietnamese man approached him, and appellant struck the man with his left fist. The blow knocked him to the ground, and the back of his head hit the concrete, causing serious injuries. As the victim lay prostrate on the edge of the street, appellant searched his back pockets. Appellant then drove off with his passengers. Shortly thereafter, a cab driver stopped where the injured man lay and notified the police. He was taken to the Biloxi Regional Medical Hospital, where it was discovered that there were three areas of bleeding deep within the victim's brain. Medication was administered to combat swelling, but the victim began to deteriorate and by 5 p.m. the next day was comatose.
The victim's relatives were advised that medication was all that could be provided for the particular type injury. They insisted that he be discharged into their care and contrary to medical advice, the victim was released to them for transportation by ambulance to the Charity Hospital in New Orleans, Louisiana. In transit, the victim developed complications and was admitted to the Hancock General Hospital where he died at approximately 5:20 p.m. An autopsy by Dr. Eldon McClain indicated that the victim died from trauma to the head and brain caused by a massive blow to the head.
Appellant asserts that the Vietnamese man was approaching him and that the appellant struck the man in self-defense. The record does not reflect that appellant and the victim knew each other or had any previous altercation. The victim was not armed.
The appellant contends (1) the State never proved that the victim Sou Van Nguyen was the same person as the one named in the indictment. Dr. Regina Mills, an internal medical specialist, attended and treated the victim at the Biloxi Regional Medical Hospital. She testified in part:
Q. When you first examined Mr. Sou Van Nguyen at 2:00 in the morning on September 22nd, 1983, were you given any information about his injuries?
A. I was told by the emergency room physician that there was a patient with head trauma that was admitted and needed an immediate physician and he did not have a physician.
Q. Do you know what time he arrived at the hospital, approximately:

*991 A. I believe approximately between 11:30 and 12:30 but I don't know exactly when.
Q. That was on the day of September 21st or 22nd if it was after midnight?
A. Right.
Q. Now, on the date when you initially saw Mr. Sou Van Nguyen at around 2:00 in the morning, did you conduct any type of physical examination or test on him?
A. Yes, I did.
Sara Jane Blodgett, a paramedic with the AMSERV ambulance service, testified as follows:
Q. During your employment with Amserv, did you have an occasion to come in contact with a man by the name of Sou Van Nguyen?
A. Yes, sir. That was the name on the record.
Q. Would you tell the jury when you first came in contact with this man? What conditions and circumstances?
A. All right. I was a paramedic on duty. I was assigned to make an emergency transfer from Biloxi Regional Hospital to New Orleans.
Dr. Eldon Duane McClain, a pathologist, testified that on September 23, 1983, he performed an autopsy upon the deceased individual portrayed in State's Exhibits # 1 and # 2 and that the deceased depicted thereon was Sou Van Nguyen. Bonnie Pesch, a Biloxi police officer, who was dispatched to the scene of the homicide, testified that the deceased portrayed in State's Exhibit # 1 was the man that she found lying on Braun Street and was subsequently identified as Sou Van Nguyen at the Biloxi Regional Medical Hospital.
This Court must accept as true the evidence which supports the State's position, together with all inferences reasonably flowing therefrom in the light most favorable to the State's theory of the case. If there is sufficient evidence to support a verdict of guilty, this Court will not reverse. Haymond v. State, 478 So.2d 297, 300 (Miss. 1985); Fairley v. State, 467 So.2d 894, 902 (Miss. 1985). In Fairchild v. State, 459 So.2d 793 (Miss. 1984), the Court found that the deceased's driver's license and traveler's checks, the testimony of an accomplice regarding clothes the deceased was wearing prior to his death, and the testimony of the investigating officer as to the clothing of the deceased when discovered, were more than sufficient to enable the jury to conclude that the deceased was one and the same as the person named in the indictment.
In Duke v. State, 243 Miss. 602, 139 So.2d 370 (1962), this identical issue was the only question on appeal. There was no direct testimony by any witness that the deceased was John Loncharte as named in the indictment. The Court, indicated "no direct evidence appears in the record as to the said name, but it seems sufficiently clear by inference and hearsay." Duke, 243 Miss. at 605, 139 So.2d at 372; cf. Dooley v. State, 238 Miss. 16, 116 So.2d 820 (1960).
We are of the opinion that there was direct evidence to identify the deceased as the person named in the indictment, and, in addition, there were reasonable inferences corroborating the direct testimony.
Appellant contends (2) that the State failed to prove appellant was attempting to rob the decedent at the time of the homicide. The contention is without merit. The jury rejected the charge of capital murder and found appellant guilty of manslaughter, which made irrelevant the element of robbery or attempted robbery. See Davis v. State, 472 So.2d 428, 435 (Miss. 1985).
Appellant contends (3) he raised a reasonable doubt of his guilt by proving that he acted in justifiable self-defense and that the lower court should have directed a verdict of not guilty in his behalf. Such argument presents a question of weight and credibility of the evidence rather than legal sufficiency. Appellant cites Scott v. State, 203 Miss. 349, 34 So.2d 718 (1948); Bell v. State, 207 Miss. 518, 42 So.2d 728 (1949); and Rucker v. State, 248 Miss. 65, 158 So.2d 39 (1963) in support of his argument, where the self-defense theory was *992 overwhelming. Not so in the case sub judice. At best, for the appellant, evidence supporting his theory of self-defense is scant. At any rate, the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness. Arteigapiloto v. State, 496 So.2d 681, 686 (Miss. 1986).

II. THE STATE FAILED TO SHOW THAT THE BLOW INFLICTED UPON THE VICTIM BY THE DEFENDANT WAS THE CAUSE OF DEATH.
Appellant contends that there was an intervening and independent cause which resulted in the victim's death after he left the Biloxi Regional Hospital and that, if the physician's advice had been followed, and the victim had not been moved, he would not have died. Consequently, appellant claims that the State failed to prove beyond reasonable doubt that the blow to the victim's face and injury sustained when he hit the concrete caused his death. However, the testimony of Dr. McClain, the pathologist who performed the autopsy, reflects that the massive blow to the back of the victim's head traumatized his brain, causing death. In Conner v. State, 179 Miss. 795, 177 So. 46 (1937), the facts were similar to the present case. There, the Court said:
The wrongful force which caused the dazed and staggering condition of the deceased was put into operation by appellant and continued in operation or progress, and had not lost its identity or continuity as such, until the final injury. It was not the push given by Tubb which caused the deceased to fall against the iron post, but his continued dazed and staggering condition, for which appellant was the sole responsible party. Without the original wrong by appellant, what was done by Tubb would not have been sufficient to cause the deceased to fall, and there is no evidence sufficient to have authorized the jury to find otherwise. An intervening cause must be an efficient cause  something more than what is merely contributory.
179 Miss. at 799, 177 So. at 47.
In Talbert v. State, 347 So.2d 352 (Miss. 1977), which involved a murder conviction, the deceased was transported from a Grenada hospital to a Memphis hospital, where he later died. Talbert claimed that the Grenada physician did not sufficiently establish the cause of death resulted from repeated blows to the deceased's head. The Court said:
However, we believe that the most reasonable rule is stated in 40 C.J.S. Homicide § 186 (1944):
When a wound from which death might ensue has been inflicted with murderous intent and has been followed by death, the burden of proof is on accused to show that death did not result from such wound, but from some other cause.

State v. Johnson, 36 Del. 341, 175 A. 669 (Ct. of Oyer & Terminer 1934); Land v. State, 156 So.2d 8 (Fla. 1963), cert. denied, 377 U.S. 959, 84 S.Ct. 1635, 12 L.Ed.2d 503 (1964); Hopper v. State, 54 So.2d 165 (Fla. 1951); Penton v. State, 114 So.2d 381 (Fla.App. 1959); Coachman v. State, 114 So.2d 189 (Fla.App. 1959). In Mississippi the burden of proof never shifts from the prosecution in a criminal case. Pittman v. State, 297 So.2d 888, 891 (Miss. 1974). However, the defendant has the duty to go forward in presenting evidence to substantiate matters raised in defense. See, e.g., Alston v. State, 258 So.2d 436, 438 (Miss. 1972).
347 So.2d at 354.
The record reflects that the cause of the victim's death in the present case was trauma to the brain; that although discharged against medical advice, none of the testifying physicians indicated that such discharge was the cause of death; that medically, nothing more could have been done to relieve the victim; and that the blow inflicted by appellant caused the victim to fall and strike his head on the concrete pavement. We are of the opinion that the evidence overwhelmingly supports the jury's verdict on the question.
*993 There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.