THOMAS, J.,
for the Court:
¶ 1. Jones appeals his conviction for burglary, raising the following issue:
I. DID THE LOWER COURT ERR IN FINDING THAT THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE SUPPORTED A CONVICTION?
Finding no error, we affirm.
FACTS
¶ 2. On December 11, 1998, Evelyn Harris was driving home on Bobo Street in Lyon, Mississippi for her lunch break when she noticed a young black male walking down the road. She described him as having a coat or hood over his head and a Gatorade bottle in his hand. Upon entering her house she found the interior to be completely ransacked. She also noticed that her refrigerator door was open and a Gatorade bottle was missing. Also missing was a Crown Royal bag and a coin sorter containing Australian and United States coins. Evelyn telephoned her husband and the police.
¶ 3. A deputy sheriff was the first to respond to the call. Evelyn told the deputy that she had seen the burglar and gave his description. The deputy sheriff began his pursuit based on her direction at that time. The deputy found Jones walking on a nearby street and arrested him at that point. A Crown Royal bag containing sev *865 eral United States and Australian coins was found on his person.
¶4. Another officer found a Gatorade bottle on the side of the road between the burglarized home and the point at which Jones was apprehended. This bottle was collected as evidence. It was later found that the bottle found on the side of the road and a bottle of Gatorade left in the refrigerator were of the same lot numbers.
¶ 5. The Australian coins found on Jones were similar to coins that were taken from the Harris home. Jones claimed that he had found the Australian coins in a room at the Hicks Hotel. However, he could provide no further details as to where in the hotel he had found the Australian coins. When asked about the United States coins, Jones claimed that he had won the quarters, dimes and nickels from slot machines at the Lady Luck casino. Investigation revealed that the Lady Luck had no dime slot machines.
¶ 6. At trial, Jones denied any involvement in the burglary of the Harris home. He claimed that at the time of the burglary he had been in a store on Sixth Street where he purchased and drank a bottle of Gatorade. He further explained that he left this store and was brought to another store named Little Willie’s. He claimed that a person named “Black Mary” drove him to Little Willie’s. He went on to explain that at the time he was found walking on the road he was on his way home. However, investigation failed to reveal any person named “Black Mary.”
ANALYSIS
¶ 7. The question presented in this appeal is whether or not the verdict of the jury was against the overwhelming weight of the evidence or, alternatively, whether the evidence was sufficient to convict. In Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844 (Miss.Ct.App.1999)). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987).
¶ 8. The test to be applied in considering the sufficiency of the proof based on circumstantial evidence is “whether a rational fact finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged.” Shields v. State, 702 So.2d 380, 382 (Miss.1997) (citing Deloach v. State, 658 So.2d 875, 876 (Miss.1995)); see also Murphy v. State, 566 So.2d 1201, 1204 (Miss.1990). Shields established a checklist of common sense circumstances to be considered which are:
1. The temporal proximity of the possession to the crime to be inferred;
2. The number or percentage of the fruits of the crime possessed;
3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Shields, 702 So.2d at 383 (citing Cosby v. Jones, 682 F.2d 1373, 1383 (11th Cir.1982)). Furthermore, our Mississippi Supreme Court has held that it: “must accept as true the evidence which supports the State’s position, together with all inferences reasonably flowing therefrom in the light most favorable to the State’s theory of the case. If there is sufficient evidence *866 to support a verdict of guilty, this Court will not reverse.” Meshell, 506 So.2d at 990. See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985).
¶ 9. Under our well established precedents, we hold that under the facts presented here the evidence was sufficient to convict and was not against the overwhelming weight of the evidence.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF EIGHT YEARS WITH FIVE YEARS POST-RELEASE SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.