THOMAS, J.,
For The Court.
¶ 1. Watson was convicted of attempted burglary and sentenced to twenty-five years in the Mississippi Department of Corrections. On appeal, Watson asserts the following issue:
I. WAS THE VERDICT OF THE LOWER COURT MADE AGAINST THE SUFFICIENCY OF THE EVIDENCE?
FACTS
¶ 2. On July 27, 1999, at 10:15 a.m., the security system at the residence of Mrs. Taffiny Hunter alerted the Tate County Sheriffs Department. Deputy Sheriff Judy Holts was dispatched to the Hunter residence. Upon arrival, Holts saw Watson at the corner of the house. She approached him and identified herself as an officer, and he ran away. Holts then saw another person “peeping out from behind the house,” who also ran away at that time. Holts pursued them for a short distance and called for backup. She found the front door of the Hunter residence pried open. Holts positively identified Watson in court.
¶ 3. Mrs. Hunter testified that she was not at home at the time of the attempted burglary. She stated that when she arrived home, the police officers were already there. She saw that the lock area of her front door “looked like where it had been whittled out with a screwdriver” and that the cover of her electricity meter box had been removed.
¶ 4. Tate County Deputy Sheriff Harry Float testified that the meter box and a lock within the mechanism had been re *296 moved. Float dusted the meter area for fingerprints and submitted these prints to the Crime Lab. Crime Lab Technician Kenneth Gill testified that the fingerprints submitted by Float matched the known prints of Watson.
¶ 5. Antonio Readus, who pled guilty to attempted burglary, testified that he and Watson parked about one hundred yards from the Hunter residence. Readus stated that they went to the Hunter residence with intentions to commit a burglary. Readus further explained that they tried to get into the house, but were unable to enter before Deputy Holt arrived. When Holts arrived they ran through the woods and back to their car. Readus admitted that if Holts had not arrived, he and Watson would have broken into the house with the intent to steal something inside.
¶ 6. Watson testified that he was the passenger in Readus’s automobile and that the automobile had mechanical difficulty. Watson and Readus approached the Hunter residence in order to use the phone and call for help. When Watson saw Readus running from an officer, he followed him. Watson denied any knowledge of a plan to commit or attempt burglary.
ANALYSIS
I. WAS THE VERDICT OF THE LOWER COURT MADE AGAINST THE SUFFICIENCY OF THE EVIDENCE?
¶ 7. A(l) motion for a directed verdict, (2) request for peremptory instruction, and (3) motion for judgment notwithstanding the verdict (JNOV) challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “Since each requires consideration of the evidence before the court when made, this Court properly reviews the .ruling on the last occasion the challenge was made in the trial court.” McClain, 625 at 778. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). There is sufficient evidence to support a verdict of guilty when there is competent and credible evidence as to each element of the offense which, when taken together with all inferences which reasonably may be drawn from the evidence, and considered in the light most favorable to the prosecution, permits a hypothetical reasonable juror to find the accused guilty beyond a reasonable doubt. McClain, 625 So.2d at 778. We hold that the evidence was more than sufficient to support the verdict.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF ATTEMPT TO COMMIT BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.