MYERS, J.,
for the Court:
¶ 1. Travis Carter was convicted in the Circuit Court of Coahoma County on one count of possession of a deadly weapon by a convicted felon. He was sentenced to two years in the custody of the Mississippi Department of Corrections and two years of supervised probation. On appeal, he asserts that the verdict was based upon insufficient evidence and that it was against the overwhelming weight of the evidence. Finding no error, we affirm.
FACTS
¶ 2. On October 16, 1999, the Clarksdale Police Department received a disturbance call stating that Travis was threatening someone with a weapon. Sergeant Clinton Booker responded to the call. When he arrived on the scene, Booker saw Carter talking to a young woman. Booker told Carter about the complaint and searched him, finding a nine-millimeter pistol on Carter’s person. Booker arrested Carter and turned him over to Officer Oliver Mitchell, who transported Carter to the Clarksdale police station.
¶ 3. After performing a sweep of the area where the incident occurred, Booker returned to the police station. He had Carter sign a Miranda waiver, and then he questioned Carter about why Carter had the firearm on his person. Carter told Booker that he had wrestled the gun from the possession of an unknown aggressor when that person threatened to shoot Carter. Carter gave a description of the man that he claimed threatened him but could not produce the name of such person.
¶ 4. At trial, the State produced three witnesses. Officer Booker testified to the above stated facts. Officer Oliver Mitchell testified to his having transported Carter to the police station after Carter’s arrest. Ms. Audrey Armstrong, the dispatcher on duty on the evening of the incident, testified that she received a call that someone was threatening another person with a gun. Armstrong stated that she relayed the call for officers to respond. Although *426 several witnesses were supposedly present for the incident in which Carter claims that he was threatened, the only witness produced by the defense was Carter. He testified that he was threatened with the gun and that he wrestled the gun away from the aggressor. Carter further testified that he was in possession of the firearm for about three minutes while waiting for police to arrive at the scene.
¶ 5. At the close of evidence, the jury was issued an instruction regarding Carter’s self-defense claim. Also, the jury instruction regarding the elements of the crime stated that the jury could find Carter guilty only if they found beyond a reasonable doubt that he did not act in necessary self-defense. After the jury returned a verdict of guilty, Carter filed a motion for JNOV, or in the alternative, a new trial. This motion was denied.
DISCUSSION
¶ 6. The issues presented on appeal are taken verbatim from the brief of the appellant:
I. THE STATE PRESENTED INSUFFICIENT EVIDENCE TO OVERCOME TRAVIS’ AFFIRMATIVE DEFENSE OF SELF-DEFENSE TO THE CHARGE OF A CONVICTED FELON POSSESSING A FIREARM.
II. THE JURY’S VERDICT OF GUILTY TO THE CHARGE OF A CONVICTED FELON POSSESSING A FIREARM WENT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Because the issues presented are so closely related, we will address them together.
STANDARD OF REVIEW
¶ 7. When the legal sufficiency of evidence is called into question, “our authority to interfere with the jury’s verdict is quite limited.” Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citations omitted). The prosecution must be given the benefit of all favorable inferences that can reasonably be drawn from the evidence. Id. “[I]f there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.” Id. Factual disputes are not sufficient to mandate a new trial, but rather, are properly resolved by the jury. Id.
¶ 8. As to whether the verdict is contrary to the overwhelming weight of the evidence, a similar standard is employed. We view the evidence in the light most favorable to the verdict. The trial court is given discretion to order a new trial only to prevent an unconscionable injustice in the face of overwhelming evidence contrary to the jury’s verdict. McClain v. State, 625 So.2d 774, 781 (1993).
ANALYSIS
¶ 9. Carter argues that the prosecution did not meet its burden of proving that he did not act in self-defense, and that the verdict of the jury was against the overwhelming weight of the evidence. We call attention to the jury instruction S-l which was used in this case, which reads:
If you find from the evidence in this case beyond a reasonable doubt that:
1) the Defendant, Travis Carter, had on October 16, 1999, in his possession a deadly weapon, to-wit: a pistol, and
2) the possession of the deadly weapon by Defendant was not necessary in self-defense,
*427 then you shall find the Defendant, guilty has [sic] charged.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
¶ 10. This instruction adequately informed the jury of the appropriate burden of proof in the case. It was therefore the jury’s mandate to consider the evidence presented before it in light of such burden. It was solely within the jury’s discretion to rely upon the testimony of the State’s witnesses in reaching its conclusion. McIntosh v. State, 749 So.2d 1235, 1241 (Miss.Ct.App.1999) (citing Meshell v. State, 506 So.2d 989, 992 (Miss.1987)). It is not our charge to reevaluate the jury’s findings of fact. McIntosh, 749 So.2d at 1241 (citing Veal v. State, 585 So.2d 693, 695 (Miss.1991)). It is only necessary to find that there was a factual dispute presented for the jury’s consideration in order for this Court to uphold the verdict reached by that jury. McIntosh, 749 So.2d at 1241 (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)).
¶ 11. A factual dispute existed as to whether Carter obtained the weapon from an unknown aggressor or whether he was himself the aggressor. Carter testified that he acted in self-defense, but the jury was allowed to hear evidence that the call made to the police indicated that Carter was threatening someone with a weapon. The jury also had before it the stipulated facts Carter was a convicted felon and that he was found by police to be in possession of a firearm. It cannot be said that no reasonable juror would have reached the same conclusion made by the jury in this case. McClain, 625 So.2d at 778. We therefore find the issues presented by Carter to be without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TWO YEARS OF SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.