LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On January 25, 2001, Helen Brum-field called the police to complain that three men, including the appellant, were next door and one was holding a gun. Upon arrival, Officer Rodney Nordstrom saw Lurandall McNulty drop something and kick it under a vehicle. The officer approached McNulty and retrieved a handgun from under the vehicle. McNulty was a convicted felon, and the officer arrested him for unlawful possession of a firearm.
¶ 2. After a trial in March 2002, a Pike County jury convicted McNulty as a convicted felon in possession of a firearm. McNulty was subsequently sentenced to serve three years in the custody of the Mississippi Department of Corrections and was ordered to pay a $1,000 fine plus fees and costs. McNulty’s motion for judgment notwithstanding the verdict or in the alternative a new trial was denied, and he now *275 appeals to this Court arguing the verdict was against the overwhelming weight of the evidence. We review McNulty’s appeal and find no merit; thus, we affirm.
DISCUSSION
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶3. McNulty’s sole issue on appeal is that the verdict was against the weight of the evidence. Looking to his argument, however, he actually claims that the evidence against him was insufficient; thus we look to standards of review concerning both the weight and sufficiency of evidence.
When the legal sufficiency of evidence is called into question, “our authority to interfere with the jury’s verdict is quite limited.” The prosecution must be given the benefit of all favorable inferences that can reasonably be drawn from the evidence. “[I]f there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.” Factual disputes are not sufficient to mandate a new trial, but rather, are properly resolved by the jury.
As to whether the verdict is contrary to the overwhelming weight of the evidence, a similar standard is employed. We view the evidence in the light most favorable to the verdict. The trial court is given discretion to order a new trial only to prevent an unconscionable injustice in the face of overwhelming evidence contrary to the jury’s verdict.
Carter v. State, 811 So.2d 424 (¶¶ 7-8) (Miss.Ct.App.2001) (citations omitted).
¶4. McNulty claims that the record is void of any evidence which could sustain a verdict of guilty. Specifically, McNulty argues that Officer Nordstrom never testified that he actually saw the gun in McNulty’s possession. McNulty also argues that the prosecution failed to produce any fingerprints from the gun which could connect him to the weapon.
¶ 5. The State points out that McNulty has not preserved for review the issue concerning weight of the evidence since he failed to raise it in his motion for judgment notwithstanding the verdict or new trial. See Sheffield v. State, 749 So.2d 123(1110) (Miss.1999). We agree. We do, however, address McNulty’s argument concerning sufficiency of the evidence.
¶ 6. The evidence in this case was considerable. McNulty admitted he was a convicted felon. Helen Brumfield, who called the police, testified that she looked out her window and then went to her front porch and saw McNulty and two other men standing around two vehicles, and McNulty had a gun in his hand. Officer Nordstrom of the McComb Police Department responded to Brumfield’s call and testified that upon arriving, he saw McNulty standing apart from two men and saw McNulty walk toward the front of a nearby vehicle, take his hand from his pocket and make a stopping movement and then kicking movement with his foot. Officer Nordstrom then went to the front of the vehicle and found a handgun six to eight inches under the vehicle and arrested McNulty.
¶ 7. Pursuant to our standard of review, we give all reasonable inferences to the prosecution and leave factual disputes to the jury. Carter, 811 So.2d at (¶ 7). McNulty claims that the evidence against him was a “series of conjectures and speculation.” However, we find a reasonable *276 inference from the evidence is that McNulty had the gun in his pocket when the officer arrived, then he moved to the front of the car and dropped the gun and kicked it under the car in an attempt to hide the gun. A reasonable hypothetical juror could find McNulty guilty based on the evidence presented, and we find the evidence sufficient to support the verdict.
¶ 8. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS TO RUN CONCURRENTLY WITH THE REMAINDER OF THE SENTENCE IMPOSED IN CAUSE NO. 00-039-KB, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND ORDER TO PAY A $1,000 FINE IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.