486 So.2d 927 (1986)
GEORGE A. HORMEL & COMPANY
v.
James Wesley FORD, Ruthie Belcher Ford and Ford Wholesale Pizza Products, Inc.
No. CA 84 1545.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Eddie L. Anderson, Jr., Baton Rouge, for plaintiff-appellee George A. Hormel & Co.
Allen J. Tillery, Chalmette, for defendants-appellants James Wesley Ford, Ruthie Belcher Ford and Ford Wholesale Pizza Products, Inc.
Before EDWARDS, LANIER and PONDER,[*] JJ.
*928 PONDER, Judge.
Defendants James Wesley Ford and Ruthie Belcher Ford appealed the judgment holding them personally liable for the price of meat products purchased by the defendant corporation.
The issue on appeal is the liability of the individual defendants for a corporate debt.
We affirm.
The Fords, husband and wife, were the owners of Ford Wholesale Pizza Products, Inc., of which Mr. Ford was the sole director and officer. On January 11, 1982, he telephoned the Shreveport offices of plaintiff, George A. Hormel & Company, and contracted to purchase a quantity of meat products for $5,194.82. The next day at the Fords' direction, a corporate employee drove to Shreveport, picked up the meat and delivered a check drawn upon the corporate bank account and signed by Mrs. Ford, to Hormel in the amount of the purchase price. However, the driver failed to deliver the meat to the corporation in Baton Rouge.
Upon learning of this fact, the Fords decided to and did deplete the corporate account so that the check issued to Hormel would be returned for insufficient funds. Thereafter, Hormel's demand for the amount due was ignored, and this suit followed.
After trial on the merits, the trial court ruled in Hormel's favor against the Fords individually, finding that a disregard of the corporate entity was justified based on the Fords' act of depleting the corporate account with the intent of depriving Hormel of the purchase price, but denied Hormel's request for attorney fees. The Fords appealed, and Hormel answered, seeking modification of the judgment to include reasonable attorney's fees and an award of attorney fees under LSA-C.C.P. art. 2164 for an alleged frivolous appeal.[1]
Defendants contend that the trial court erred in ruling that the factual circumstances herein justified a finding of individual liability for a corporate debt.
A corporation is a distinct legal entity, separate from the individuals who comprise it. LSA-C.C. arts. 435, 437. As a general rule, individual shareholders are not liable for the debts of the corporation. LSA-C.C. art. 437. However, in a few limited situations, a court may ignore the corporate fiction, "pierce the corporate veil," and hold the individual liable for debts incurred by the corporation. LSA.R.S. 12:93-95; Harris v. Best of America, Inc., 466 So.2d 1309 (La.App. 1st Cir.1985), writ denied, 470 So.2d 121 (La.1985). This can be done when a shareholder practices fraud or other misconduct upon a third person through the corporation or disregards the corporate entity to such an extent that the corporation is indistinguishable from its shareholders. Smith-Hearron v. Frazier, Inc., 352 So.2d 263 (La.App. 2d Cir.1977), writ denied, 353 So.2d 1337 (La.1978); Kingsman Enterprises, Inc. v. Bakerfield Electric Co., Inc., 339 So.2d 1280 (La.App. 1st Cir.1976).
The decision to pierce the corporate veil must be made based upon the totality of the circumstances present in each case. Chin v. Roussel, 456 So.2d 673 (La.App. 5th Cir.1984), writ denied, 459 So.2d 540 (La.1984). Whether imposition of individual liability is justified under particular circumstances is primarily a factual finding to be made by the trial court. Liberto v. Villard, 386 So.2d 930 (La.App. 3rd Cir. 1980).
Mr. and Mrs. Ford testified that they used the money withdrawn from the corporate account to pay other corporate creditors, including Mr. Ford, but offered no proof of the legitimacy or amount of these other corporate debts, nor could they specify how much of the amount withdrawn *929 was paid to Mr. Ford.[2] Both essentially admitted that they intentionally depleted the corporate account with the specific purpose in mind to avoid payment of the check issued to Hormel.
The trial court, in its reasons for judgment, concluded that the acceptance by Mr. Ford of monies withdrawn from the corporate account for the purpose of avoiding a corporate debt amounted to an appropriation of corporate funds "to the disadvantage of" or in defraud of a corporate creditor; and this amounted to misconduct of such a nature as to justify imposition of personal liability upon Mr. and Mrs. Ford. We find no manifest error in this conclusion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Hormel argues that it is entitled to attorney fees under LSA-C.C.P. art. 2164 for having to respond to a frivolous appeal.
Even though an appeal is determined to lack serious merit, damages for frivolous appeal will not be awarded unless it is manifest that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position advocated. Galland v. National Union Fire Insurance Co. of Pittsburg, Pa., 452 So.2d 397 (La.App. 3rd Cir.1984). Defendants' contentions on appeal raised legitimate issues, although this court determined that their arguments lacked serious merit. Accordingly, damages for frivolous appeal are denied.
For the foregoing reasons, we affirm the judgment of the trial court against defendants-appellants and in favor of plaintiff-appellee, in the amount of Five Thousand One Hundred Ninety-Four and 82/100 ($5,194.82), together with legal interest thereon from the date of judicial demand until paid, and for all costs of trial court proceedings. Defendants-appellants are assessed all costs of this appeal.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, Retired, appointed to hear appeals Vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.
[1] As Hormel failed to brief the first issue on appeal, it is thus considered abandoned. Rule 2-12.4, Uniform RulesCourts of Appeal.
[2] They testified that all of their corporate records, including records of these transactions, had been seized in connection with another pending suit against their defunct corporation. However, there is nothing in the record to indicate that these records would have been unavailable to the defendants by use of subpoena.