CRAIN, Judge.
From a judgment granting summary judgment the plaintiff appeals.
FACTS
These parties have previously been before the court in a personal injury action. The facts as found by the Louisiana Supreme Court in Fertitta v. Allstate Insurance Company, 462 So.2d 159, 161 (La.1985) are:
Plaintiff, Andrea Fertitta, while riding as a passenger in the family automobile driven by her husband, was injured in an accident caused by the negligence of Paula McCarron. In her suit against McCarron and McCarron’s liability insurer, Allstate Insurance Company, plaintiff also joined State Farm Mutual Automobile Insurance Company as the uninsured motorist insurer of her vehicle. McCar-ron in turn filed a third-party demand against her liability insurer, Allstate, seeking recovery over against Allstate for any judgment in excess of the policy limits on the basis that Allstate did not act fairly and in good faith in settlement negotiations.
On the morning of trial, plaintiff compromised her claim against her uninsured motorist carrier for $32,000 under a policy that had $50,000 limits of coverage. As part of the settlement, State Farm waived any right to subrogation or other reimbursement in the event plaintiff recovered by judgment or settlement against other parties liable for her damages.
After trial on the merits, the trial court fixed plaintiff’s damages in the amount *498 of $48,701.11 ($40,000 in general damages and $8,701. in special damages). The court (1) granted plaintiff judgment against McCarron in that amount and decreed Allstate solidarily liable with McCarron to plaintiff up to the $10,000 limits of its policy, and (2) granted McCarron judgment on her third-party demand against Allstate for the amount awarded to plaintiff in excess of the policy limits (emphasis added, footnote omitted).
The trial court ruled that the $32,000 paid by State Farm did not reduce the amount of the judgment against McCarron and Allstate. The Louisiana Supreme Court reversed the trial court on this issue, finding the tort-feasor and the uninsured motorist insurer to be solidarily liable, and accordingly reduced the liability of the tort feasor by the amount paid by the uninsured motorist insurer. The Supreme Court affirmed the trial court ruling insofar as Allstate’s liability for the entire liability of Paula McCarron in excess of the $10,000 policy limits.
The plaintiff then brought this action to recover the $32,000 from Allstate and McCarron, alleging that State Farm had assigned their subrogation rights to the plaintiff as part of the settlement (release) agreement executed prior to State Farm’s release from the action.
The defendants filed peremptory exceptions of res judicata and no right of action and a motion for summary judgment. The trial court granted the motion for summary judgment but denied both peremptory exceptions.
The plaintiff took a devolutive appeal from the granting of the motion for summary judgment. The defendants answered the appeal contending their peremptory exception raising the objections of res judica-ta and no right of action. The defendants further seek damages for the plaintiff’s prosecution of a frivolous appeal.
SUMMARY JUDGMENT
A motion for summary judgment should be granted if the pleadings, affidavits and depositions show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. A summary judgment should not be granted on the likelihood that the mover will prevail on the merits.
Kendrick v. City of Lake Charles, 500 So.2d 866, 869 (La.App. 1st Cir.1986).
Summary judgment is not a substitute for trial on the merits_ In determining the genuineness of the issue, the courts are not permitted to consider the merits of the facts at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it.
Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542, 546 (La.App. 1st Cir.1983). (citations omitted).
“A reviewing court should consider the facts alleged by the party opposing the motion for summary judgment in the light most favorable to that party.... Any doubt as to the existence of a genuine issue of fact should be resolved against granting a motion for summary judgment.” Kendrick, 500 So.2d at 869.
The Supreme Court found that “As part of the settlement, State Farm waived any right to subrogation or other reim-bursement_” Fertitta, 462 So.2d at 161.
State Farm’s right of subrogation is a right to assert plaintiffs right against the tort-feasor to the extent of monies paid by State Farm to the plaintiff under the policy of insurance issued to plaintiff. Thus, the right subrogated is a right derived from plaintiff. The right to subrogate to plaintiffs right was activated by State Farm’s payment to plaintiff under the under-insured provision of the policy issued plaintiff. State Farm waived the subrogation to plaintiffs right as part of the settlement agreement. Consequently, subrogation to plaintiffs right never vested in State Farm. Never having been subrogated to plaintiffs right against the tort-feasor, State Farm had no subrogation right to transfer by way of assignment. Thus, there is no issue of assignment of subrogation rights *499 present that could alter the outcome of the suit.
FRIVOLOUS APPEAL
The defendants allege that the plaintiffs appeal is frivolous and seek damages.
Damages for frivolous appeal will not be awarded unless it is manifest that the appeal was taken solely for delay or that appealing counsel does not seriously believe in position advocated, even though appeal is determined to lack serious merit. George A. Hormel & Co. v. Ford, 486 So.2d 927 (La.App. 1st Cir.1986).
The contentions on appeal were presented seriously and raised legitimate questions. This argument is without merit.
We affirm the judgment of the trial court granting summary judgment. All costs of this appeal are assessed against the appellant.
AFFIRMED.