525 So.2d 231 (1988)
Dennis Wayne WILLIE
v.
BALEHI MARINE, INC., et al.
No. CA 87 1444.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Theodore A. Mars, Jr., New Orleans, for plaintiff, appellee.
*232 Liane C. King, New Orleans, for defendant, appellant.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Plaintiff, Dennis Wayne Willie, filed this suit against his former employer, Balehi Marine, Inc., and its workers' compensation carrier, Highlands Insurance Company, seeking worker's compensation benefits for temporary total disability, penalties and attorney fees. After trial on the merits, the trial court rendered judgment in favor of plaintiff, finding plaintiff to be entitled to temporary total disability benefits in the amount of $160.00 per week through the period of his disability and past and future medical expenses relating to plaintiff's treatment for the job related injury. The trial court also rendered judgment in favor of the defendants, denying the plaintiff's claim for penalties and attorney's fees.
Defendants appealed the judgment of the trial court and plaintiff answered this appeal.
On or about September 26, 1985, Mr. Willie allegedly injured his back while unloading cross-ties from a truck while working for Balehi Marine. On that day, plaintiff went to an emergency clinic. The physician who examined plaintiff diagnosed a strained muscle in the back. About a week later, Mr. Willie went to Dr. Daniel S. Sinclair, an orthopedic surgeon. Mr. Willie complained of back pain and numbness and tingling of the lower extremities and buttocks. He related that he had been in constant pain since the injury. Dr. Sinclair's examination revealed no significant objective findings. X-rays indicated the possibility of spondylolysis (a developmental bone defect which results in a lack of formation of the bony ring of the spinal canal) of L5-S1, which was confirmed by a tomography. Dr. Sinclair continued to treat Mr. Willie through December of 1985. His treatment consisted of instruction in proper body mechanics and exercises for conservative management of the spine; use of anti-inflammatory medication, muscle relaxants and analgesics; and physical therapy.
Dr. Sinclair referred Mr. Willie to Dr. Robert L. Applebaum, a neurosurgeon. Dr. Applebaum examined plaintiff on November 26, 1985, and on July 7, 1986. Mr. Willie complained of constant, severe pain in the low back which was increased with prolonged sitting or standing and intermittent numbness and pain in both legs. He also indicated the pain was worse with physical activity. Dr. Applebaum confirmed Dr. Sinclair's diagnosis of spondyloysis at L5-S1 and also diagnosed gradeone spondylolisthesis (slippage of the vertebrae out of normal alignment) which is the minimum level of slippage.
After each visit, Dr. Applebaum indicated that he found no nerve root disease or damage and determined that further neurosurgical testing was not necessary. However, he did recommend further orthopedic re-evaluation was indicated because of the spondylolysis.
On January 7, 1986, plaintiff was examined by Dr. Luis F. Matta, an orthopedic surgeon. Plaintiff's complaints at that time were low back pain radiating into both legs, pain in his neck, numbness in his legs, his legs were painful to walk on, and he could not bend, stoop or lift. After a physical examination and x-rays, Dr. Matta indicated that all of the objective findings were normal. However, Dr. Matta reported that Mr. Willie had symptomatic first degree spondylolisthesis which apparently became symptomatic since the (September 25, 1985) accident. Dr. Matta did not recommend any further treatment as of the date of this examination.
On February 25, 1986, Dr. Bert R. Bratton, a neurosurgeon, examined Mr. Willie. At this time, plaintiff was still experiencing lower back pain, and pain and numbness in both legs. His examination revealed subjective findings of decreased range of motion and tenderness of the back and weakness and decreased sensation in the left foot. Dr. Bratton testified there were no objective findings from this examination. However, a CT scan performed the next *233 month showed spondylolysis with minimal spondylolisthesis.
Dr. Bratton did not prescribe any medication or other type of treatment to Mr. Willie. He recommended that Mr. Willie see an orthopedic surgeon. Dr. Bratton continued to examine Mr. Willie on approximately a monthly basis through December 8, 1986.[1] No new objective neurological findings were revealed by these examinations. Dr. Bratton determined that as of April 7, 1986, plaintiff was able to return to light to medium duty work with the restrictions of not lifting over thirty to forty pounds, not pulling any heavy objects and avoiding overhead work. As of December 8, 1986, Dr. Bratton had not noted any significant changes in plaintiff's medical condition. Dr. Bratton also testified that he did not expect plaintiffs medical condition to improve very quickly. He indicated that his condition would improve with time but not to a point that he could return to heavy work.
Although Dr. Matta did not examine plaintiff after the January 7, 1986 examination, he rendered a report regarding Mr. Willie's medical condition on July 30, 1986. In this report, Dr. Matta stated he thought Mr. Willie could return to work. He indicated that Mr. Willie did not appear to have any neurological deficit of the lower extremity. He explained that this report was based on a description of plaintiff's former job which was provided by Highlands Insurance Co. The job described to Dr. Matta was that of a truck driver, who was not involved in maintenance of the truck, who would drive 4-5 hours a day making light deliveries, and who would very seldom have to pick up items weighing forty to fifty pounds. Based on Dr. Matta's report, worker's compensation benefits, which were being paid to Mr. Willie by Highlands Insurance Co., were terminated on August 11, 1986.
As of the date of the trial, April 8, 1987, Dr. Matta testified that he thought plaintiff would benefit from surgery consisting of fusion of the back and also from attending a back school where proper body mechanics are taught. His recommendations were based on the assumption that plaintiff was still in pain approximately a year and a half after the accident.
Based on this evidence, the trial court found that plaintiff is temporarily totally disabled. The court determined that plaintiff requires further medical testing and treatment and has not yet recovered from an aggravation to a pre-existing condition. Defendants appealed the judgment of the trial court, claiming that the trial court erred in finding plaintiff temporarily totally disabled. Plaintiff answered this appeal claiming that he is entitled to penalties and attorney's fees due to arbitrary and capricious termination of compensation benefits and refusal to pay for medical expenses, and he is entitled to penalties and attorney's fees for the frivolous appeal of the trial court's judgment in this matter.[2]
The first issue is whether the plaintiff proved that he is temporarily totally disabled as a result of the work-related accident.
The pertinent law regarding appellate review of a compensation case was summarized in Johnson v. Ins. Co. of N. America, 454 So.2d 1113, 1117 (La.1984):
In a compensation case, the trial court has the responsibility of determining whether a plaintiff is disabled. A factual finding by the trial court should not be reversed unless it is clearly wrong. A reviewing court should not disturb a reasonable fevaluation of credibility by the trial court.
An employee who can only work in substantial pain may be totally disabled. Plaintiffs uncontradicted evidence of pain can support a finding of substantial *234 and appreciable pain. The opinion of a physician or other medical expert about disability does not necessarily determine legal disability.
In evaluating evidence, the trier of fact should accept as true the uncontradicted testimony of a plaintiff witness, absent a sound reason for its rejection. Lay testimony can be considered despite the absence of a conflict in medical testimony. (Citations omitted.)
It is implicit from the trial court's ruling that the court found that plaintiff is temporarily and totally disabled because he cannot perform any work that might be available to him without substantial pain.
The applicable statute is La.R.S. 23:1221(1), which provides that compensation shall be paid for injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured. Recent jurisprudence applying this statutory language indicates that the working in pain doctrine is still applicable in temporary total cases. Johnson v. Monroe Pulpwood Company, Inc., 505 So.2d 862 (La.App. 2d Cir.1987). An employee is not required to work in substantial pain. See, Green v. Jackson Rapid Delivery Service, 506 So.2d 1345 (La. App. 2d Cir.1987).
In Lamette v. Morrison Assur. Co., 461 So.2d 351, 354 (La.App. 2d Cir.1984), the court set forth principles of law which are relevant to a claim of "substantial pain":
Whether an injured employee's pain is substantial enough to render him unable to work is a question of fact. The trier of fact's determination on the pain issue should not be disturbed on appeal if there is reasonable evidence before the trier which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the determination, unless such finding is clearly wrong. Whether the pain is substantial enough to be disabling is ordinarily not a medical question but is an issue to be determined by the trier of fact on the totality of the evidence, both medical and lay. (Citations omitted)
Defendants emphasize that plaintiff is not disabled because both Drs. Matta and Bratton rendered reports indicating that plaintiff could return to work. These reports do not make any reference to plaintiff's subjective complaints of pain. However, the testimony of each doctor indicates that plaintiff's pain symptoms were not inconsistent with their diagnoses of spondylolysis with spondylolisthesis.
Dr. Matta testified that some people with spondylolisthesis experience pain and others do not. He testified that there is no method by which a physician can determine whether a patient with this condition is actually experiencing pain. He testified that once the condition of spondylolisthesis is aggravated, the average patient will become asymptomatic and return to regular activities within 6-12 weeks. However, he also explained that some patients continue to experience pain for longer periods of time.
Dr. Bratton testified that someone with grade one spondylolisthesis can have disabling pain. He further testified that prolonged sitting or driving would probably increase plaintiff's pain.
Furthermore, review of the medical testimony and plaintiff's testimony indicates that he has complained of back pain since the date of the accident. Plaintiff testified that he can neither sit nor stand for long periods without being in pain. He testified that he cannot bend over and he is not able to do yard work. The testimony of plaintiff's wife corroborated his testimony regarding his low level of activity.
Defendants also question plaintiff's credibility regarding complaints of pain based on the fact that he did not take pain medication, except for a brief period of time following the accident. However, plaintiff explained that he did not take the pain medication that was prescribed to him or ask for additional pain medication because it made him sick.
*235 After reviewing all of the evidence, we cannot find that the trial court was manifestly erroneous in determining that plaintiff was temporarily totally disabled. The preponderance of the evidence shows that plaintiffs pain is substantial enough to render him unable to work.
The next issue is whether Highlands Insurance Company's decision to terminate plaintiffs compensation benefits on August 11, 1986, was arbitrary and capricious. The trial court determined that the termination of benefits was not arbitrary and capricious. We agree.
La.R.S. 23:1201.2 subjects an insurer, who discontinues the payment of compensation claims, to payment of attorney's fees when the discontinuance is found to be arbitrary, capricious, or without probable cause.
A termination of compensation will not be held to have been arbitrary or capricious where the insurance carrier bases its decision to terminate on competent medical evidence. Martin v. H.B. Zachry Co., 424 So.2d 1002 (La.1982). An insurer is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated. Johnson v. Ins. Co. of N. America, 454 So.2d at 1117. The determination of whether an employer or insurer is arbitrary or capricious in terminating benefits is a question of fact not to be disturbed in the absence of manifest error. Marcel v. Craig Guidry Const. Co., 511 So.2d 48 (La.App. 3d Cir.1987).
In this case, Highlands had a legitimate basis for terminating benefits. Based on the best medical advice available at the time, Highlands reasonably determined that Mr. Willie was not disabled. Plaintiff's treating physician, Dr. Bratton, reported that plaintiff was able to return to light to medium duty work as of April 7, 1986. Also, Dr. Matta reported that, as of July 30, 1986, Mr. Willie could return to the type of work that he was performing at the time of his injury. Furthermore, the medical testimony establishes that there was no significant change in Mr. Willie's condition after July 30, 1986. Based on these facts, we find that it would be manifestly unfair to Highlands to assess attorney's fees against them.
Plaintiff also seeks penalties and attorney's fees as damages for a frivolous appeal pursuant to La.Code Civ.P. art. 2164. Damages for frivolous appeal will not be awarded unless it is manifest that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position advocated, even though the appeal lacks serious merit. Crunch v. Allstate Ins. Co., 517 So.2d 496 (La.App. 1st Cir.1987).
In this case, while we find defendants' position to be lacking in merit, appealing counsel did seriously advocate her position and raised a legitimate question of fact. Therefore, we find plaintiffs argument that the appeal is frivolous is without merit.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] Dr. Bert Bratton's testimony was taken by deposition on February 20, 1987. The December 8, 1986 visit was the last visit as of the time of the deposition testimony.
[2] In plaintiffs answer to defendants' appeal, plaintiff also asserts that he is permanently totally disabled. However, plaintiff did not address this claim in his appellate brief or in oral argument before this court. Therefore, this claim is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.