*285
 
 SUSAN M. CHEHARDY, Judge.
 

 | aThis is a personal injury suit by an employee against his employer, alleging the employer is liable for negligent retention of a fellow employee who committed an intentional battery on the plaintiff. The trial court granted the employer’s exception of no cause of action, and the plaintiff appeals. We amend and affirm.
 

 The operative allegations of the Petition for Damages, as amended by the Plaintiffs First Supplemental and Amending Petition, are as follows:
 

 3.
 

 Defendant, Shaun Dyson and petitioner, O’Neil Kelley worked for defendant, Weber Marine, Incorporated. Because of their employment relationship O’Neil Kelley was forced to associate himself with Shaun Dyson.
 

 4.
 

 That on or about July 11, 2007 as O’Neil Kelley was exiting his truck, suddenly and without warning defendant, Shaun Dyson, intentionally kicked petitioner, O’Neil Kelley in the ankle.... As a result of the incident, O’Neil Kelley suffered a broken ankle which required surgery.
 

 5.
 

 This incident occurred after work and off the job site.
 

 6.
 

 Defendant, Shaun Dyson, has violent propensities. He has been in several fights and at least one of the fights that Shaun Dyson provoked was while he was employed with Weber Marine, Incorporated.
 

 _^6A.
 

 After the above referenced fight, SHAUN DYSON started to harass O’Neil Kelley.
 

 6B.
 

 The harassment included both verbal and physical harassment.
 

 6C.
 

 O’Neil Kelley told the supervisor for Weber Marine Incorporated about the harassment.
 

 6D.
 

 The harassment also included defendant, SHAUN DYSON, following plaintiff, O’NEIL KELLEY after work when both were in their cars. SHAUN DYSON would get dangerously close to O’NEIL KELLEY. Then when O’NEIL KELLEY slowed down, SHAUN DYSON would pass him and then slow his vehicle down.
 

 6E.
 

 After being told of the verbal harassment, the pushing or physical harassment and the harassing in the vehicles, defendant, WEBER MARINE INCORPORATED, still negligently retained SHAUN DYSON.
 

 7.
 

 Because of defendant, Shaun Dyson’s violent propensities, Weber Marine Incorporated was negligent in hiring Shaun Dyson and was further negligent in retaining him after the above mentioned fight on the job site.
 

 Defendant Weber Marine, Inc. (“Weber”) filed a peremptory exception of no cause of action. Weber asserted that even assuming the allegations are true, negli
 
 *286
 
 gent hiring was not the cause in fact of the assault in which Kelley received his injury. Weber further argued that negligent hiring claims require that the employment provide the employee with a unique opportunity to commit a crime against a third person. Under the allegations of the petition, Weber asserted, the conduct forming the basis of the claim was committed outside the course and scope of employment. Weber contended it had no control over what its employees did while away from its employment after working hours.
 

 The trial court granted the exception with written reasons, stating in pertinent part:
 

 14The Court finds that Plaintiff has failed to state a cause of action against Weber Marine, Inc. in either its original Petition or its Supplemental and Amending Petition. By Plaintiffs own admission, the incident at issue occurred after work hours and off the jobsite. Weber Marine, Inc. is not liable for the actions of one of its employees against another when that employee is not in the course and scope of employment and the incident did not even occur at the workplace. Weber Marine did not owe a duty to Plaintiff at the time the incident occurred.
 

 Because the plaintiff had already amended the petition, but still failed to state a cause of action, the court dismissed the suit without giving the plaintiff another opportunity to amend his petition.
 

 The plaintiff filed a Motion for Rehearing and/or New Trial, arguing the district court erred because this is not a vicarious liability case, but rather is a negligent hiring case, so course and scope of employment are not at issue. Rather, the plaintiff argued, “the event ... happened immediately after work and in very close proximity to the workplace, making the ease of association between the negligent retention easier to reach.” The plaintiff contended Weber had a duty to provide a safe workplace, and “breached that duty by not terminating Dyson, which kept him in close proximity to Kelley and as a result, O’Neil Kelley received serious injury.”
 

 The court denied the motion for rehearing and/or new trial. The plaintiff appeals.
 

 On appeal the plaintiff asserts the trial court erred in sustaining the exception of no cause of action and in denying the rehearing.
 

 The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.
 
 Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,
 
 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support [ 5or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true.
 
 Everything on Wheels Subaru, Inc.,
 
 616 So.2d at 1235. The issue at trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
 
 Id.
 

 The petition must set forth the material facts upon which a cause of action is based and the allegations must be ultimate facts; conclusions of law or fact and evi-dentiary facts will not be considered.
 
 Saxena v. Saxena,
 
 518 So.2d 1098, 1100 (La.App. 5 Cir.1987).
 

 A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt the plaintiff can prove no set of facts in support of any claim that would entitle him to relief.
 
 Industrial Companies, Inc. v. Durbin,
 
 2002-
 
 *287
 
 0665, p. 7 (La.1/28/03), 837 So.2d 1207, 1213. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.
 
 Id.
 

 An employer is required to furnish “reasonably safe” employment for the employees. La.R.S. 23:13. The employer must “adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees.”
 
 Id.
 

 The plaintiff argues this duty extends to negligent retention of an employee such as Dyson, who had shown a propensity for violence on the job, had specifically directed behavior toward the plaintiff previously, and about whom the | fiplaintiff had complained to his supervisor. The plaintiff contends that but for Weber’s retaining Dyson despite the plaintiffs complaints, and the forced association between Kelley and Dyson, this incident would not have occurred.
 

 In opposition, Weber asserts it had no duty to the plaintiff in the circumstances alleged, because Dyson’s employment at Weber did not provide a “unique opportunity” for Dyson to commit a tort or a crime against third persons. Weber argues there is nothing to indicate Weber had any basis to foresee or anticipate tortious conduct by Dyson away from Weber’s premises.
 

 In support of his claim that Weber breached a duty by its retention of Dyson as an employee, the plaintiff cites
 
 Smith v. Orkin Exterminating Co., Inc.,
 
 540 So.2d 363 (La.App. 1 Cir.1989). In
 
 Smith,
 
 the plaintiff was raped by an Orkin employee who visited her home to spray for pests and, while there, surreptitiously unlocked a window. The Orkin employee returned after working hours, entered through the unlocked window, and attacked the plaintiff. The court held that Orkin was liable for negligence. The court found that under the unique circumstances of Orkin’s pest control business, Orkin had a continuing duty to exercise reasonable care in retention of its employees, because its service required that employees be sent into customers’ homes. The court concluded that Orkin breached its duty to the plaintiff by failing to properly administer with due care Orkin’s own chosen method of providing security — specifically, yearly polygraph examinations of its employees, and that Orkin’s negligent administration of the polygraph examination was the cause-in-fact of the injuries to the homeowner.
 
 Smith,
 
 540 So.2d at 368.
 

 The determination of liability in a negligence case usually requires proof of five separate elements: duty, breach of duty, cause-in-fact, scope of liability or scope of protection, and damages.
 
 Fowler v. Roberts,
 
 556 So.2d 1, 4-5 (La.1989).
 

 |7A claim against an employer for the torts of an employee based on the employer’s alleged direct negligence in hiring, retaining, or supervising the employee generally is governed by the same duty-risk analysis used for all negligence cases in Louisiana.
 
 Griffin v. Kmart Corp.,
 
 00-1334, p. 6 (La.App. 5 Cir. 11/28/00), 776 So.2d 1226, 1231. When an employer hires an employee who in the performance of his duties will have a unique opportunity to commit a tort against a third party, he has a duty to exercise reasonable care in the selection of that employee.
 
 Id.
 

 The cases cited by the parties have in common that the employment gave the
 
 *288
 
 tortious/criminal employees “unique opportunities” to commit their wrongdoing:
 
 Roberts v. Benoit,
 
 605 So.2d 1032 (La.1991) (deputy sheriff with access to firearm);
 
 Smith v. Orkin Exterminating Co., Inc.,
 
 540 So.2d 363 (La.App. 1 Cir.1989) (pest control employee with access to customers’ homes);
 
 Jackson v. Ferrand,
 
 658 So.2d 691 (La.App. 4 Cir.1994) (hotel employee with access to guest-room keys);
 
 LouCon, Inc. v. Gulf Building Services, Inc.,
 
 287 So.2d 192 (La.App. 4 Cir.1973),
 
 writs denied,
 
 290 So.2d 899 and 290 So.2d 901 (La.1974) (janitorial employee with key to building);
 
 Griffin v. KMart Corp., Inc.,
 
 00-1334 (La.App. 5 Cir. 11/28/00), 776 So.2d 1226 (store employee with access to air gun).
 

 Here, however, there is no allegation that employment by Weber gave Dyson a unique opportunity to inflict harm on the plaintiff. Dyson’s attack on the plaintiff took place after work and off the jobsite. Nothing in the allegations can be construed to indicate that Dyson’s employment by Weber created a unique opportunity for his actions. Hence, there is nothing to establish a duty on Weber’s part to protect the plaintiff from the particular harm that occurred.
 

 ^Accordingly, we find no error in the trial court’s determination that the petition failed to state a cause of action for negligent hiring or negligent retention of Dyson.
 

 We find the trial court erred, however, in refusing to grant the plaintiff leave to amend the petition. Although the plaintiff had amended his petition voluntarily prior to the hearing on the exception, in the interest of justice he should have been granted the opportunity to amend it again to try to state a cause of action.
 

 For the foregoing reasons, the judgment is amended to grant the plaintiff leave to amend his petition within 30 days of the date of this judgment. As amended, the judgment is affirmed. We pretermit assessment of costs for this appeal and leave such assessment for the district court at conclusion of the lawsuit.
 

 AMENDED AND AFFIRMED.