PEATROSS, J.
 

 kin this tort action for damages, Plaintiffs, Ericka Lynn Carter, et al. (collectively referred to as “Ms. Carter”), brought suit against B & B Wholesale, Inc., Praetorian Specialty Insurance Company, Billy Dwayne Brumley, Ancul D. Bland and the State of Louisiana, Department of Transportation and Development (“DOTD”), alleging that Defendants were liable for an automobile accident occurring on January 5, 2008. Defendant Brumley filed a motion for summary judgment contending that he could not be held personally liable for damages in the collision because all of his actions were taken in his corporate capacity as president of B & B Wholesale, Inc. The trial judge agreed with Brumley and, after taking the matter under advisement, granted the motion for summary judgment and dismissed Brumley as a defendant in the proceedings, leaving the other defendants remaining. Ms. Carter now appeals. For the reasons stated herein, we affirm the trial court’s summary judgment.
 

 FACTS
 

 The accident in question occurred during the early evening of January 5, 2008,
 
 *789
 
 on U.S. Hwy. 84 in DeSoto Parish, Louisiana. Michael Carter (“Michael”), an employee of SWEPCO, was driving his work truck northbound on La. Hwy. 482, approaching its intersection with U.S. Hwy. 84. Brumley, who is the owner, operator and president of B & B Wholesale, Inc., was approaching the same intersection from the west on U.S. Hwy. 84, following behind his employee, Ancul Bland. Bland was driving a 1981 International tractor-trailer that had been purchased by 12Brumley at an auction in Texas and was en route back to Mansfield with Brumley following in his own vehicle.
 

 On approaching the intersection, Michael had the stop sign and Bland and Brumley had the right of way. Michael claims that he stopped, but did not see the tractor-trailer that Bland was driving because the headlights were too dim. Consequently, Michael pulled out into the intersection in an attempt to make a right turn and collided with the tractor-trailer being driven by Bland. Brumley witnessed the accident, but neither he nor the vehicle he was driving was physically involved in the collision.
 

 The Louisiana State Police investigated the accident and issued a report indicating that the tractor-trailer (purchased by Brumley and being driven by Bland) was not roadworthy because it had defective brakes, defective steering and defective headlights. The officers also found that Bland did not have a valid Class A Commercial Driver’s License (“CDL”). Citations were issued for the tractor-trailer’s condition and for Bland’s operation, of the vehicle without a valid Class A CDL.
 

 As previously stated, Ms. Carter brought suit against Brumley on the grounds that he was personally liable for the accident because he conducted a negligent inspection of the tractor-trailer and determined that the vehicle was roadworthy when it was not, made the negligent decision to instruct his employee to drive the vehicle from the auction yard to his wrecker yard at night and negligently entrusted the vehicle to an unqualified driver.
 

 Brumley then filed a motion for summary judgment wherein he asserted that he could not be held personally liable for the accident because |sall of his actions were taken in his corporate capacity as president of B
 
 &
 
 B Wholesale, Inc. The trial judge agreed with Brumley, granted his motion for summary judgment and dismissed Brumley as a defendant from the proceedings. This appeal ensued.
 

 DISCUSSION
 

 In her sole assignment of error, Ms. Carter contends that the trial judge erred as a matter of law by holding that Brumley could not be held personally liable as a defendant in this case because he was acting in the course and scope of his employment when he committed the alleged acts of negligence. Ms. Carter argues that Brumley should not be shielded from liability for his own personal fault just because he is a corporate officer, ie., the president, of B & B Wholesale, Inc. It is Ms. Carter’s position that Brumley is also considered an employee of B & B Wholesale, Inc., and therefore, can be held personally liable for his alleged negligent actions, even when acting in the course and scope of his employment.
 

 Ms. Carter further complains that Brumley failed to set forth any argument as to the sufficiency of the evidence until the eve of oral argument, in a reply brief. Ms. Carter contends that, consequently, any argument advanced by Brumley on appeal pertaining to the sufficiency of the evidence should be considered untimely.
 

 
 *790
 
 Ms. Carter concludes that a genuine issue of material fact clearly exists in this case as to Brumley’s personal liability for the collision; and, consequently, the judgment of the trial court granting summary judgment inj/avor of Brumley and dismissing him from the proceedings should be reversed.
 

 In response, Brumley argues that Michael simply ran a stop sign, collided into the tractor-trailer being driven by Bland and, now, Ms. Carter is wrongfully attempting to claim that Brumley is liable for Michael’s negligent actions. Brumley further contends that, even if he could have theoretically been negligent in this case, he cannot be held personally liable because all of his actions were taken in his corporate capacity as president of B & B Wholesale, Inc.
 

 La. C.C.P. art. 966(B) provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(C)(2) sets forth the burden of proof applicable to a motion for summary judgment:
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 On appeal, a trial court’s ruling on a motion for summary judgment is subject to the
 
 de novo
 
 standard of review.
 
 Jones v. Estate of Santiago,
 
 03-1424 (La.4/14/04), 870 So.2d 1002.
 

 |hLa. C.C. Art. 2315. Liability for acts causing damages
 

 A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
 

 B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.
 

 La. C.C. Art. 2⅛. Kinds of persons
 

 There are two kinds of persons: natural persons and juridical persons. A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.
 

 La. R.S. 12:93. Liability of subscribers and shareholders
 

 A. Except as provided in the following subsections of this section, a subscriber to, or holder of, shares of a corporation organized after January 1,1929, shall be under no liability to the corporation or its creditors with respect to such shares,
 
 *791
 
 other than the obligation of complying with the terms of the subscription therefor. This obligation shall continue whether or not his rights or shares have been assigned or transferred, but the assignee or transferee of shares in good faith and without knowledge or notice that the shares have not been fully paid for, shall not be liable to the corporation or its creditors with respect to payment for such shares.
 

 B. A shareholder of a corporation organized after January 1, 1929, shall not be liable personally for any debt or liability of the corporation.
 

 C. If property or services taken in payment for shares are grossly overvalued contrary to the provisions of this Chapter, the shareholders who knowingly, or without the exercise of reasonable care and inquiry, consented thereto or voted in favor thereof shall be liable jointly and severally to the corporation for the benefit of creditors or shareholders, as their respective and relative interests may appear, for any loss or damage arising therefrom.
 

 |,;D. Every shareholder who receives any unlawful dividend or other unlawful distribution of assets shall be liable to the corporation, or to creditors of the corporation, or to both, in an amount not exceeding the amount so received by him. An action to enforce this liability must be brought within two years from the date on which the unlawful distribution was received, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit.
 

 E. When the directors are held liable solely because of having negligently consented to or participated in any unlawful dividend, distribution, payment or return of assets, the directors shall have, to the extent of the payments made by them, a cause and right of action for indemnity against each of the shareholders for the proportionate amount of the unlawful distribution received by such shareholder. This action must be brought within two years from the date of payment by the directors on account of the liability imposed by R.S. 12:92(D), and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit.
 

 It is well settled that a corporation is a distinct legal entity, separate from the individuals who comprise it. La. C.C. art. 24;
 
 First Downtown Development v. Cimochowski,
 
 613 So.2d 671 (La.App. 2d Cir. 1993),
 
 writ denied,
 
 615 So.2d 340 (La.1993);
 
 Riggins v. Dixie Shoring Co., Inc.,
 
 590 So.2d 1164 (La.App.2d Cir.1992);
 
 Cahn Electric Appliance Co., Inc. v. Harper,
 
 430 So.2d 143 (La.App. 2d Cir.1983);
 
 George A. Hormel & Co. v. Ford,
 
 486 So.2d 927 (La.App. 1st Cir.1986);
 
 American Bank of Welch v. Smith Aviation, Inc.,
 
 433 So.2d 750 (La.App. 3d Cir.1983). The primary economic purpose underlying this framework of limited liability is the encouragement and promotion of business and industry.
 
 Kemper v. Don Coleman, Jr., Builder, Inc.,
 
 31,576 (La.App.2d Cir.7/29/99), 746 So.2d 11,
 
 writs denied,
 
 99-2954, 99-2955 (La.1/7/00), 752 So.2d 861;
 
 Riggins, supra.
 

 | -Additionally, minimizing shareholder liability encourages business investments in high-risk areas by enabling investors who utilize the corporate form to make capital contributions to corporations while insulating their personal wealth from the risks inherent in business.
 
 Kemper, supra; Riggins, supra; Smith v. Cotton’s Fleet Service, Inc.,
 
 500 So.2d 759 (La.1987);
 
 Glazer v. Commission on Ethics for Public Employees,
 
 431 So.2d 752 (La.1983). No matter the size of the business, incorporation is an optional form for con
 
 *792
 
 ducting business in Louisiana and even a single individual may incorporate. La. R.S. 12:21.
 

 Due to the beneficial role of the corporate concept, the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances.
 
 Kemper, supra; First Downtown Development, supra.
 
 Louisiana courts are very hesitant to hold a shareholder, officer or director personally liable for corporate obligations.
 
 Kemper, supra; First Downtown Development, supra; Riggins, supra.
 

 In a few limited situations, however, a litigant can reach an individual shareholder by “piercing the corporate veil,” thereby rendering the individual liable for the debts incurred by the corporation.
 
 Kemper, supra; First Downtown Development, supra; Riggins, supra; Calm Electric Appliance Co., Inc., supra.
 
 If an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation. La. C.C. |sart. 2815;
 
 Canter v. Koehring Co.,
 
 288 So.2d 716 (La.1973);
 
 Petch v. Humble,
 
 41,301 (La.App.2d Cir.8/23/06), 939 So.2d 499,
 
 writ denied,
 
 06-2482 (La.12/15/06), 945 So.2d 692. If directors and officers of a corporation do not purport to bind themselves individually, however, they do not incur personal liability for debts of the corporation except for acts of fraud, malfeasance or criminal wrongdoing.
 
 Kemper, supra; First Downtown Development, supra; Riggins, supra.
 

 Regardless of the basis for piercing the corporate veil, the situation must be viewed with regard to the totality of circumstances in each case.
 
 Kemper, supra; First Downtown Development, supra; Riggins, supra; American Bank of Welch, supra; George A. Hormel & Co., supra.
 
 Whether imposition of individual liability is justified under particular circumstances is primarily a factual finding to be made by the trial court.
 
 Id.
 

 With these legal principles in mind, we now address the question of whether the motion for summary judgment was properly granted in the case
 
 sub judice.
 
 Billy Dwayne Brumley is a separate and distinct legal entity from B & B Wholesale, Inc. That being the case, the burden shifted to Ms. Carter to bring forth some evidence to show a genuine issue of fact as to some conduct which could give rise to personal liability on the part of the Brumley. There is no evidence in the record, however, to support Ms. Carter’s contention that any of Brumley’s acts or omissions were done in his individual capacity as opposed to his corporate capacity as the president of B & B Wholesale, Inc., or that Brumley purported to bind himself individually for the debts or liability of the corporation. There is no |nevidence of a violation of a personal duty owed by Brumley to the plaintiffs. Additionally, there is no evidence that any of Brumley’s alleged actions in this case rose to the level of fraud, malfeasance or criminal wrongdoing such that the imposition of individual liability on Brumley would be warranted. Accordingly, we find the trial court did not err in rendering summary judgment in favor of Brumley, thereby dismissing him as a defendant in these proceedings.
 

 Given our finding that Brumley was properly dismissed as a defendant in these proceedings, we pretermit any discussion pertaining to the sufficiency of the evidence as advanced by either party in this case.
 

 
 *793
 

 CONCLUSION
 

 For the reasons stated above, we affirm the judgment of the trial court granting summary judgment and dismissing Defendant Billy Dwayne Brumley from the proceedings in this case. Costs of this appeal are assessed to Plaintiffs, Ericka Lynn Carter, et al.
 

 AFFIRMED.