MOORE, J.
_JjAmy Nicole Witham Bloxom appeals a summary judgment that dismissed, in his personal capacity only, David McFarlin, the president of the corporation that hired or contracted with the cab driver who killed Ms. Bloxom’s son. For the reasons expressed, we affirm.

Factual and Procedural Background

This case arises from a tragic and well-publicized incident. In early 2007, Brian Horn was released from prison in Missouri, where he had served time on a 2003 conviction for felony sexual assault. He came to Louisiana and sought work as a cab driver. David McFarlin, president of Blue Phoenix Trading Company d/b/a Action Taxi, interviewed Horn and hired him even though he was a registered sex offender. Technically, Horn was employed by a subcontractor of Action Taxi’s, Moore’s Consulting, but he drove a cab marked “Action Taxi.”
In March 2010, Horn posed as a young female, sent several text messages to 12- *385 year-old Justin Bloxom, and eventually lured him into his cab. Horn murdered the boy and dumped his body in a wooded area off Hwy. 171 in DeSoto Parish. Horn is now awaiting trial for capital murder.
Ms. Bloxom filed this wrongful death and survival action in May 2010 against a host of defendants, including McFarlin, individually, and his corporation, Blue Phoenix Trading Company d/b/a Action Taxi.
McFarlin filed this motion for summary judgment in his individual capacity. In support, he attached his own deposition, in which he admitted that he interviewed Horn for the job, saw from Horn’s driver’s license that he was a convicted sex offender, but nevertheless approved him to drive a [ ;>cab for a subcontractor, Moore’s Consulting. McFarlin maintained that he did all these things only in his capacity as president of Blue Phoenix. He cited Carter v. State, 45,506 (La.App. 2 Cir. 8/11/10), 46 So.3d 787, for its analysis of the difference between a corporation and its constituent shareholders: Louisiana courts are reluctant to hold an officer personally liable for corporate obligations, and “piercing the corporate veil” is appropriate in only limited circumstances not present in this case.
Ms. Bloxom opposed the motion, citing this court’s proviso in Carter, supra, that if an officer “through his own fault injures another to whom he owes a personal duty,” the officer is liable personally to the injured third person whether or not the corporation might also be liable. Id. at 7, 46 So.3d at 792. She asserted that McFar-lin owed a duty to Justin, his mother and the public not to allow a known sex offender to operate a taxi. At least, she argued, whether McFarlin owed and breached this duty was a genuine issue of material fact precluding summary judgment.
The district court granted summary judgment, expressly adopting McFarlin’s brief as its reasons.

The Parties’ Positions

Ms. Bloxom has appealed, urging by one assignment of error that the court erred in dismissing McFarlin individually as a defendant. She concedes that in Carter, supra, the court found no particular duty to the public, but she contends that this case is different: “Without question, there is a legal duty which was breached in this case.” In support, she cites the general concept of tort liability, La. C.C. art. 2315, and a case that imposed | ¡¡personal liability, specifically on a contractor’s engineer whose lack of care resulted in an industrial accident and death. Canter v. Koehring Co., 283 So.2d 716 (La.1973). She also cites cases in which employers were found vicariously liable for sexual assaults committed by their employees. Harrington v. State, 97-1670 (La.App. 4 Cir. 5/20/98), 714 So.2d 845, 128 Ed. Law. Rep. 531; Smith v. Orkin Exterminating Co., 540 So.2d 363, 13 A.L.R.5th 962 (La.App. 1 Cir.1989). She argues that the employer “indisputably” has a duty to exercise reasonable care in the selection of an employee who will have a unique opportunity to commit a crime against a third party in the performance of his duties; she suggests it “makes no sense” to say that McFarlin owed a duty only to his own company and not to the public. She asks the court to reverse and remand for trial.
McFarlin responds that imposing personal liability on the individual who actually hires an allegedly negligent employee would result in the personal responsibility of many managers and defeat the purpose underlying the distinction between the individual and the corporation. Kemper v. Don Coleman Jr. Bldr., 31,576 (La.App. 2 Cir. 7/29/99), 746 So.2d 11, writs denied, 99-2954, 99-2955 (La.1/7/00), 752 So.2d *386 861. Despite her use of qualifiers like “indisputably” and “without question,” Ms. Bloxom has not identified any specific duty; the cases cited by her show that the employer must exercise reasonable care in hiring employees, but none imposed personal liability on a corporate officer. He concludes that the summary judgment should be affirmed.
| ¿Discussion
The parties have correctly identified the legal concepts, which we would only reiterate from Carter v. State, supra, with emphasis added and some citations omitted:
It is well settled that a corporation is a distinct legal entity, separate from the individuals who comprise it. La. C.C. art. 24; First Downtown Development v. Cimochowski, 613 So.2d 671 (La.App. 2 Cir.), writ denied, 615 So.2d 340 (1993); * * *. The primary economic purpose underlying this framework of limited liability is the encouragement and promotion of business and industry. Kemper v. Don Coleman Jr. Bldr., [supra ];
Due to the beneficial role of the corporate concept, the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances. Kemper, supra; First Downtown Development, supra. Louisiana courts are very hesitant to hold a shareholder, officer or director personally liable for corporate obligations. Kemper, supra; First Downtown Development, supra; * * *.
In a few limited situations, however, a litigant can reach an individual shareholder by “piercing the corporate veil,” thereby rendering the individual liable for the debts incurred by the corporation. Kemper, supra; First Downtown Development, supra. If an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation. La. C.C. art. 2315; Kanter [Canter] v. Koehring Co., [supra], 283 So.2d 716 (La.1973); * * *.
The operative question in this case is whether McFarlin owed a personal duty to Justin Bloxom to protect him from' the risk of sexual assault and murder at the hands of a cab driver employed or contracted by McFarlin. Louisiana uses the duty-risk analysis to resolve questions of liability under La. C.C. art. 2315. The analysis comprises five elements: (1) the defendant had a duty to conform his conduct to a specific standard (the | aduty element); (2) the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) the defendant’s substandard conduct was a cause in fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damage element). Lemann v. Essen Lane Daiquiris Inc., 2005-1095 (La.3/10/06), p. 7, 923 So.2d 627, 633, and citations therein.
In deciding whether to impose a duty in a given case, the court must make a policy decision in light of the unique facts and circumstances presented. Carrier v. City of Amite, 2010-0007 (La.10/19/10), p. 3, 50 So.3d 1247, 1249, and citations therein. The scope of the duty is ultimately a question of policy. Rando v. Anco Insulations Inc., 2008-1163 (La.5/22/09), p. 38, 16 So.3d 1065, 1092-1093, and citations therein. A risk may be outside the scope of a duty when the circumstances of the particular injury to the plaintiff could not be reasonably foreseen or anticipated, be *387 cause there was no ease of association between that risk and the legal duty. Id. Rules of conduct are designed to protect some persons under some circumstances from some risks. Wex Malone, Ruminations on Cause-in-Faet, 9 Stan. L.Rev. 60 (1956). The requirement of legal cause prevents the imposition of liability “in an indeterminate amount for an indeterminate time to an indeterminate class.” PPG Industries Inc. v. Bean Dredging, 447 So.2d 1058, 1061 (La.1984), and citations therein.
1 (jPersonal liability of a corporate officer is premised on “malfeasance, misfeasance, or nonfeasance” resulting from failure to act upon actual knowledge of the risk to others. Canter v. Koehring Co., 283 So.2d at 721. When an employer hires an employee who in the performance of his duties will have a unique opportunity to commit a tort against a third party, he has a duty to exercise reasonable care in the selection of that employee. Cote v. City of Shreveport, 46,571 (La.App. 2 Cir. 9/21/11), 73 So.3d 435; Kelley v. Dyson, 2008-1202 (La.App. 5 Cir. 3/24/09), 10 So.3d 283; Taylor v. Shoney’s Inc., 98-810, 15 IER Cases 285 (La.App. 5 Cir. 1/26/99), 726 So.2d 519, writ denied, 99-0540 (La.4/9/99), 740 So.2d 635.
Applying these principles to this case, we find no personal duty on McFarlin’s part. Admittedly, the facts appear to satisfy the cause-in-fact element, in that McFarlin’s hiring decision facilitated Brian Horn’s ruse to entice the naive 12-year-old into his cab. Nevertheless, Horn likely could have accomplished the same goal through suggestive text messages even had he not been a cab driver.
The crux of the case is the scope of protection element: was this particular risk too remote from McFarlin’s personal conduct? The beneficial nature of the corporate structure makes courts hesitant to impose personal liability on officers for their corporate acts. Carter v. State, supra, and citations therein. Horn was an employee not of McFarlin but of his corporation, Blue Phoenix (d/b/a Action Taxi), or its contractor, Moore’s Consulting. Imposing personal liability on McFarlin for the torts of his corporate hires would frustrate the benefit of the business organization. 17This policy decision strongly supports a finding of no personal liability.
Moreover, since the unique situation presented in Canter v. Koehring, supra, the courts have been truly reluctant to impose personal liability on officers for their purely corporate acts. Recently, this court rejected such a claim against the president of a trucking company who allegedly performed negligent work on the brakes of a corporate truck, resulting in injury to the plaintiff, Carter v. State, supra. We have also rejected personal liability against members of an LLC who allegedly failed to obtain an environmental permit before beginning a construction project, resulting in contamination to the plaintiffs’ property, Petch v. Humble, 41,-301 (La.App. 2 Cir. 8/23/06), 939 So.2d 499, writ denied, 2006-2482 (La.12/15/06), 945 So.2d 692. We imposed corporate liability on a homebuilder but no personal liability on its president who failed to advise the plaintiffs that their house was in a flood zone, Kemper v. Don Coleman Jr. Bldr., supra.[1]
*388 A corporation may be liable for the sexual assaults of its employees under La. C.C. art. 2320, as in Harrington v. State, supra,- and Smith v. Orkin Exterminating Co., supra, but this is not the same as imposing personal liability on officers. Other cases do not even find corporate liability, often because the employee’s tort was outside the course and scope of employment. S.J. v. Lafayette Parish School Bd., 2009-2195 (La.7/6/10), 41 So.3d 1119, 259 Ed. Law. Rep. 353; Cote v. City of Shreveport, supra; Kelley v. Dyson, supra; Taylor v. Shoney’s Inc., supra.
The facts of this case, the policy considerations inherent in the duty-risk analysis and the jurisprudence concerning the personal liability of corporate officers all compel a finding that McFarlin’s personal duty of reasonable care in hiring cab drivers for his corporation did not extend to this particular risk of harm, however tragic.
At oral argument, counsel analogized the case to an auto accident in which a corporate president, driving a company car, rear-ends another driver on a city street. Counsel correctly showed that in such a situation, it would be absurd for the president to deny his personal liability by hiding behind the corporate shield and shifting responsibility to his company. The instant case, however, will not yield to such simplification. Anyone behind the wheel, whether driving for pleasure or on business, as an employee, agent or officer of a corporation, owes a personal duty not to rear-end other vehicles. By contrast, a corporate officer making a hiring decision is primarily acting on behalf of his or her company. He or she owes a duty of reasonable care which does not extend to all torts that all employees might commit. The district court properly found that Justin Bloxom’s tragic injury and death fell outside the scope of McFarlin’s duty of reasonable care in hiring taxi drivers for his corporation.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid by the appellant, Amy Nicole Witham Bloxom.
AFFIRMED.
LOLLEY, J., dissenting with written reasons.

. In a recent unpublished opinion, one court found a genuine issue of material fact as to whether a "boss and co-owner” of a construction company was personally liable for a rape committed by an employee. The boss/co-owner had given the employee an apartment, was aware of the employee’s chronic alcohol and drug use, and had received numerous complaints about the employee’s obscene comments and sexual gestures toward the victim, all in the four months before the rape. Waldrop v. Three Forty Three Oaks Ltd., 2009- *388 1333 (La.App. 1 Cir. 2/12/10), 2010 WL 502794, writ denied, 2010-0591 (La.5/21/10), 36 So.3d 234.